We have no jurisdiction of the appeal, and it is therefore

DISMISSED.

**UNITED STATES of America,
Appellant,**

v.

**Wilbur Lee AUERBACH, Appellee.**

**No. 84–1160.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1984.

Decided Oct. 1, 1984.

Philip F. Miller, Des Moines, Iowa (Amy Christensen Couch, Des Moines, Iowa, on the brief), for appellee.

Richard C. Turner, U.S. Atty., S.D. Iowa, Des Moines, Iowa, Robert J. Erickson, Atty., Dept. of Justice, Washington, D.C., for the U.S.

Before ARNOLD and JOHN R. GIBSON, Circuit Judges, and DUMBAULD,* District Judge.

JOHN R. GIBSON, Circuit Judge.

Wilbur Auerbach was convicted with his son, Thomas Auerbach, of dealing in firearms without being properly licensed in violation of 18 U.S.C. §§ 922(a)(1) and 924 (1982), and conspiracy to commit those offenses in violation of 18 U.S.C. § 371 (1982). They were represented by the same lawyer at the trial. After an unsuccessful appeal on other grounds, the district court[1] sustained Wilbur's motion to vacate and set aside his conviction under 28 U.S.C. § 2255 (1982) because of his lack of effective assistance of counsel stemming from the conflict of interest of his attorney. The government appeals, arguing that the district court applied an improper legal standard in reaching its conclusions and that no actual conflict of interest was established. We affirm the judgment of the district court.

---

* The HONORABLE EDWARD DUMBAULD, United States Senior District Judge for the Western District of Pennsylvania.

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

Wilbur and Thomas Auerbach were indicted as the result of the sale of several firearms at a service station Wilbur Auerbach owned in Atlantic, Iowa. The evidence demonstrated that both Wilbur and Thomas were involved in these transactions. Thomas, who had earlier been convicted of a felony, was charged with two counts of possessing firearms as a previously convicted felon in violation of 18 U.S.C. App. § 1202(a)(1) (1982). Wilbur and Thomas were jointly charged with dealing in firearms without being properly licensed in violation of 18 U.S.C. §§ 922(a)(1) and 924 and with conspiracy to commit the substantive offense in violation of 18 U.S.C. § 371.

Wilbur hired a lawyer to represent both him and Thomas in the joint trial, at which the two presented a unified defense. Both were convicted; Wilbur's conviction was affirmed on appeal. *United States v. Auerbach*, 682 F.2d 735 (8th Cir.), *cert. denied*, 459 U.S. 911, 103 S.Ct. 219, 74 L.Ed.2d 174 (1982). We need not repeat our detailed discussion in our earlier opinion of the facts concerning the offenses other than as necessary for resolution of the issues presented. We do find it significant that at no time during the trial or appeal did Wilbur Auerbach raise the question of inadequacy of counsel or conflict of interest and that at no time before or during the trial did the district court make the inquiry regarding joint representation required by Fed.R.Crim.P. 44(c).[2]

Following his unsuccessful appeal, Wilbur Auerbach filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The district court found that three of the grounds in the motion, preindictment delay, entrapment, and inflammatory statements during closing argument, were raised at trial and on direct appeal and could not be reconsidered in a habeas

corpus action. The other ground, ineffective assistance of counsel because of conflict of interest, was considered by the court. After acknowledging that the requirement of Rule 44(c) had not been followed, the district court discussed *United States v. Lawriw*, 568 F.2d 98 (8th Cir. 1977), *cert. denied* 435 U.S. 969, 98 S.Ct. 1607, 56 L.Ed.2d 60 (1978). In *Lawriw* we had imposed the inquiry requirement later incorporated in Rule 44(c). The district court quoted both the *Lawriw* holding that "only a minimal showing of conflict should be required to invoke constitutional protection," and its later statement regarding "the minimal showing needed to establish the substantial possibility of a conflict of interest." 568 F.2d at 101–02, 105. The court then stated:

The minimal showing has been made. My observation of the five day trial leads me to believe that prosecution evidence against Thomas Auerbach and evidence offered in defense of Thomas Auerbach tended to harm Wilbur Auerbach. This evidence, including Thomas Auerbach's prior felony conviction, and the prosecutor's improper repeated questions about why Thomas Auerbach was in the penitentiary * * * would not have been presented in a separate trial of Wilbur Auerbach. The harm to Wilbur Auerbach was compounded by the appearance of unity generated by the father-son relationship and the fact that they were represented by the same lawyer.

If Wilbur Auerbach had had his own lawyer, he surely would have moved for a separate trial. Perhaps such a motion would not have been granted, but I believe it might have been granted if capably presented by independent counsel. The father-son relationship coupled with the son's past record would have made a

**2.** Whenever two or more defendants have been jointly charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint representation and shall

personally advise each defendant of his right to the effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel. Fed.R.Crim.P. 44(c).

motion for severance far more compelling than in the usual case of unrelated codefendants. Independent counsel for Wilbur Auerbach would have been free to fully demonstrate how his client would be harmed by a joint trial with his son. (It is true that Mr. Rodenberg could have moved for separate trials for his two clients, but his representation of Thomas would have precluded him from making a full demonstration to the court of the problems a joint trial would hold for Wilbur.)

Even if the court had rejected a motion by independent counsel for a separate trial, independent counsel in a joint trial could have reduced the unity problem that harmed Wilbur—he could have more effectively put distance between Wilbur and Thomas.

The joint trial with joint counsel may not have hurt Thomas, but it did hurt Wilbur. The minimal showing has been made, and defendant Wilbur Auerbach is entitled to the relief he seeks.

The judgments of conviction and sentences imposed on Wilbur were vacated and set aside, and he was granted a new trial.

The United States appeals and argues that the district court required only a minimal showing of a possible conflict, thereby failing to reach and impose the stricter "actual conflict" standard of *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). It also argues that there was no showing of actual conflict of interest in the joint representation of the father and son.

■ At the outset, we note that Auerbach potentially faced a serious problem in his attempt to bring a collateral attack under 28 U.S.C. § 2255 for a constitutional claim of ineffective assistance of counsel despite his failure to raise the issue on appeal. Should the "cause and actual prejudice" standard of *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), have been applied, a far different case would have been before us. *See Norris v. United States*, 687 F.2d 899 (7th Cir.1982). However, the issue was not raised in the district court. We will adhere to the principle that it is generally inappropriate to reverse upon a ground not so submitted. *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Pierre v. United States*, 525 F.2d 933, 936 (5th Cir.1976); *United States v. Hudspeth*, 384 F.2d 683, 687 (9th Cir. 1967).

We first consider the argument of the United States that the district court applied an improper standard in requiring only a minimal showing of possible conflict of interest. *Cuyler* requires that "in order to establish a violation of the Sixth Amendment, a defendant who raised his objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." 446 U.S. at 348, 100 S.Ct. at 1718. However, *Cuyler*, following *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and refusing "to indulge in nice calculations as to the amount of prejudice" attributable to the conflict, also states that the simple presence of actual conflict itself will demonstrate a denial of the right. 446 U.S. at 349–50, 100 S.Ct. at 1718–19. Thus, the provision of *Lawriw* that "only a minimal showing of conflict should be required to invoke constitutional protection" is thoroughly consonant with *Cuyler*. *Lawriw*, 568 F.2d at 101–02.

The district court cited the above language from *Lawriw* in its order. It is true that the district court also cited the statement in *Lawriw* regarding a "minimal showing needed to establish the substantial possibility of a conflict of interest." 568 F.2d at 105. But while the *Lawriw* court in this second passage refers to "substantial possibility," we think the opinion unequivocally in its earlier statement requires a showing of conflict, rather than a possibility of conflict, to invoke constitutional protection. Constitutionally, such is the requirement after *Cuyler*. We believe a fair reading of the district court's order (which cites *Cuyler* in addition to *Lawriw*) demonstrates that a standard requiring a minimal showing of actual conflict was applied.

The district court presided at the trial and based its discussion in the memorandum opinion upon facts observed during the course of that trial. We will affirm a district court's finding that a habeas petitioner was denied effective assistance of counsel where the district court's findings of fact which support the conclusion of law are not clearly erroneous. *Hawkman v. Parratt*, 661 F.2d 1161, 1165 (8th Cir.1981); *Morrow v. Parratt*, 574 F.2d 411, 414 (8th Cir.1978). A consideration of the record in this case so supports the findings of the district court.[3]

At the heart of the conflict lies the earlier conviction of Thomas which opened up additional areas of evidence involving Thomas and led to cross-examination and closing argument dealing with the conviction. In a situation in which, as the district court properly observed, the father-son relationship coupled with the son's past record would have made a motion for severance far more compelling than in the usual case of unrelated co-defendants, the joint representation heightened the appearance of unity, thereby compounding the harm to Wilbur.

In particular, during the trial, numerous comments were made regarding Thomas's criminal record. On Wilbur Auerbach's appeal we disapproved of the "prosecutor's repeated questions about why Thomas

Auerbach was in the penitentiary in the face of defense objections which were sustained by the district court" and observed then that "the cumulative effect of the prosecutor's improper remarks upon the jury came dangerously close to requiring reversal." *Auerbach*, 682 F.2d at 738, 740. The joint representation of the Auerbachs thus exacerbated a situation in which the sins of the son were visited on the father.[4]

Further, on some five occasions the defendants were referred to as "they." During closing argument the district attorney referred to "Mr. Auerbach" as a convicted felon, but did not say which Mr. Auerbach. Defense counsel made no objection. Certainly in these situations a capable separate counsel would have objected and requested clarification. We have no doubt that the district court would have required that the record be made clear.

Wilbur's counsel should have recognized and argued that the evidence that Thomas was a convicted felon was incriminating only as to him. But in closing argument, defense counsel made no such argument and, in fact, never even stated that only Thomas, not Wilbur, was a convicted felon. Rather, on three occasions defense counsel argued that Thomas did not touch any of the weapons, thereby permitting the jury to infer that it was Wilbur who was holding

**3.** The question whether a petitioner was afforded effective assistance of counsel is a mixed question of law and fact. *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Cf. Hawkman v. Parratt*, 661 F.2d 1161, 1165 (8th Cir.1981); *Morrow v. Parratt*, 574 F.2d 411, 414 (8th Cir.1978). The question whether a conflict of interest was present that could support a finding of ineffective assistance of counsel is also a mixed question of law and fact requiring "application of legal principles to the historical facts of [the] case," *Cuyler v. Sullivan*, 446 U.S. 335, 342, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333 (1980), and is subject to the independent judgment of the appellate court. *Parker v. Parratt*, 662 F.2d 479, 483 (8th Cir.1981), *cert. denied*, 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 91 (1982); *Baty v. Balkcom*, 661 F.2d 391, 394 n. 7 (5th Cir.1981), *cert. denied*, 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982); *Barrientos v. United States*, 668 F.2d 838, 841 (5th Cir.1982). *Contra Sullivan v. Cuyl-*

*er*, 723 F.2d 1077 (3d Cir.1983) (review of district court's finding of actual conflict of interest is subject to clearly erroneous standard). The specific findings of "historical facts" are subject to the clearly erroneous standard of review. *Hawkman v. Parratt, supra;* Fed.R.Civ.P. 52(a); *see Pullman-Standard v. Swint*, 456 U.S. 273, 284, n. 14, 102 S.Ct. 1781, 1788 n. 14, 72 L.Ed.2d 66 (1982) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948)); *Hoefelman v. Conservation Comm'n of the Mo. Dept. of Conservation*, 718 F.2d 281 (8th Cir.1983).

**4.** The converse of this proposition has been the subject of considerable extra-judicial commentary. *See, e.g.,* Horace, *Odes*, III, 6:1 ("For the sins of your fathers you, though guiltless, must suffer"); Euripides, *Phrixus*, fragment 970 ("the gods visit the sins of the fathers upon the children"); Shakespeare, *The Merchant of Venice*, III, v., 1. 1; *Exodus* 20:5.

the weapons during the transactions which formed the basis of the indictments.

We have said "[T]here is no litmus test to determine whether an actual conflict exists." *Parker v. Parratt*, 662 F.2d 479, 484 (8th Cir.1981), *cert. denied*, 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 91 (1982). As we have also noted, and as the United States now urges, "hindsight rationalization" alone cannot support a claim of ineffective assistance of counsel, for it becomes a near impossible task to evaluate such a claim when only prejudicial restraint and not easily identifiable affirmative acts adversely affecting a client is present. *Parker*, 662 F.2d at 484–85. However, we believe the record in the instant case clearly discloses such affirmative actions. Given the joint representation and the father-son relationship, we find unpersuasive the United States' argument that the case lends itself to logical compartmentalization of the evidence regarding the various codefendants. *See United States v. Mansaw*, 714 F.2d 785, 790–91 n. 5 (8th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 434, 78 L.Ed.2d 366 (1983).

An actual conflict occurs when counsel cannot use his best efforts to exonerate one defendant for fear of implicating the other. *United States v. Unger*, 665 F.2d 251, 255 (8th Cir.1981), *cert. denied*, —— U.S. ——, 104 S.Ct. 339, 78 L.Ed.2d 308 (1983). The record before us reveals that defense counsel was in the dilemma of either pursuing or abandoning defenses and tactics that would help one defendant but hurt the other. *See Colon v. Fogg,* 603 F.2d 403, 407 (2d Cir.1979) (citing *Smith v. Regan*, 583 F.2d 72, 77 (2d Cir.1978)). Thus, the "competing interests" standard urged by the United States, in which an attorney must not only be shown to have failed to advance the cause of one defendant, but also to have done so to protect the competing interests of a jointly represented codefendant, is met. *See United States v. Lyons*, 703 F.2d 815, 820–21 (5th Cir.1983); *United States v. Reeves*, 674 F.2d 739, 744 (8th Cir.1982). We therefore conclude from the record before us that the district court did not err in determining that there was a conflict of interest.

The district court order does speculate whether the cases would have been severed for trial on the basis of the son's prior conviction and the father-son relationship. It is unnecessary to determine whether severance would have been granted since we believe that even at a joint trial separate counsel would have "more effectively put distance between Wilbur and Thomas" and thereby avoided the conflicts discussed above.

We affirm the judgment of the district court.