UNITED STATES of America,
Plaintiff-Appellee,

v.

Juan CACERES, Defendant-Appellant.

No. 84–2384.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 1984.

Windi Akins, Houston, Tex. (court-appointed), for defendant-appellant.

Daniel K. Hedges, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GARZA, RANDALL and TATE, Circuit Judges.

PER CURIAM:

Juan Caceres seeks reversal of his drug conviction on the ground that his trial counsel also represented a codefendant, David Punch, with whom Caceres had a fundamental conflict of interest. Punch's conviction has already been reversed on the same ground. *United States v. Punch*, 722 F.2d 146 (5th Cir.1983). After the decision in Punch's case was announced, Caceres moved below, pursuant to 28 U.S.C. § 2255, to vacate judgment. The district court denied the motion without assigning reasons, and Caceres brings this appeal.

I.

The facts of this case are set forth in our opinion affirming Caceres' conviction on direct appeal, *United States v. Caballero*, 712 F.2d 126 (5th Cir.1983), and our opinion reversing Punch's conviction, *Punch*, 722 F.2d at 146, and we need not repeat them here. We simply note that Punch, Caceres and several others were tried before the same jury for possession with intent to distribute marijuana. Punch and Caceres retained the same attorney, Windi Akins, who, after discovering that her clients' defenses were antagonistic, attempted to withdraw as counsel for Punch. Her repeated and timely attempts to withdraw were denied by the district court. As a last ditch effort to protect her clients' sixth

amendment rights, Akins obtained the district court's permission, on the first day of trial, for another attorney to appear on Punch's behalf. James Skelton appeared on the next day of trial to represent Punch, but Akins remained his attorney of record. Punch and Caceres were both convicted. Caceres appealed first, but did not raise the issue of his attorney's conflict of interest. *Caballero*, 712 F.2d at 126. Punch, however, raised the conflict of interest objection on direct appeal, and, applying the principles of *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), we reversed his conviction on that ground. *Punch*, 722 F.2d at 146. Caceres then made the instant section 2255 collateral attack on his conviction.

## II.

■ Our decision in *Punch*, 722 F.2d at 152, clearly sets forth the principle governing this appeal: "Whenever a trial court improperly requires joint representation over timely objection reversal is automatic." (quoting *Holloway v. Arkansas*, 435 U.S. at 488, 98 S.Ct. at 1180). Our decision there was not based on demonstrable prejudice to Punch resulting from an actual conflict manifesting itself before the jury at trial; it was based instead on the trial court's failure to deal with the *possibility* of a conflict once that possibility was brought to its attention in a timely manner. Caceres faced the same possibility of conflict as did Punch and made the same time-ly objections to the trial court. Therefore, it would serve no purpose here to engage in a lengthy reexamination of the assistance of counsel issue; we think what we said about Punch applies as well to Caceres.

The Government argues unconvincingly that Caceres deserves different treatment than Punch because (1) Akins sought to withdraw as Punch's attorney, not Caceres' and (2) since Skelton appeared at trial to represent Punch, Akins "represented Caceres exclusively" and provided him with effective assistance of counsel. This argument has no merit, as we would have thought our *Punch* decision makes clear, for two related reasons: (1) the association of Skelton on the second day of trial did not necessarily free Akins from the yoke of joint representation during the remaining days of trial [1] and (2) at any rate, the right to conflict-free representation is not a temporal right that kicks in on the second day of trial; it exists at all critical stages of the prosecution, including "hearings on pretrial motions, the voir dire of the jury, the reading of the indictment, and the entering of pleas." 722 F.2d at 151.

■ The Government also argues that, because Caceres did not raise it on direct appeal, he has waived the conflict of interest issue. The Government, however, did not raise the waiver issue below and cannot rely on it for the first time here.[2] *Cf.*

---

**1.** For example, Akins' ability to effectively examine Punch, whose defense was entrapment, on behalf of Caceres, whose defense was denial, may well have been hampered by ethical constraints resulting from discussions with Punch during her representation of Punch. As the Supreme Court has made clear, it is impossible to gauge the prejudice that may or may not have resulted to Caceres from forced joint representation of this nature. *Glasser v. United States,* 315 U.S. 60, 75–76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942) ("The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial."). Hence, the rule of automatic reversal when a potential conflict has been raised and ignored in the trial court. *Holloway,* 435 U.S. at 488, 98 S.Ct. at 1180.

**2.** At any rate, the Government, in its off hand treatment of the waiver issue, fails to recognize that Caceres' failure to raise the conflict issue on direct appeal is not necessarily fatal to his section 2255 motion. Constitutional issues may be raised in a section 2255 motion, though not raised on direct appeal, as long as the movant has not deliberately bypassed the appellate process in order to gain tactical advantage. *See, e.g., Kaufman v. United States,* 394 U.S. 217, 220 n. 3, 89 S.Ct. 1068, 1070 n. 3, 22 L.Ed.2d 227 (1969); *United States v. Capus,* 656 F.2d 1033, 1037 (5th Cir.1981). Unless the record clearly establishes a deliberate bypass of direct appeal, the issue requires an evidentiary hearing. *See, e.g., Buckelew v. United States,* 575 F.2d 515, 519 (5th Cir.1978). The record here does not clearly reveal a deliberate bypass for tactical advantage. Since the Government did not seek an evidentiary hearing below and, in fact, did not even raise

*Barksdale v. Blackburn,* 670 F.2d 22, 24 (5th Cir.) (state cannot raise exhaustion for first time on appeal), *cert. denied,* 457 U.S. 1109, 102 S.Ct. 2912, 73 L.Ed.2d 1319 (1982).

### III.

Because we are convinced that Caceres is in the same position as Punch, we are, for the reasons set forth in *Punch,* 722 F.2d at 146, compelled to grant him the same relief. Therefore, we reverse the district court's denial of Caceres' motion, vacate the judgment of conviction and order that, unless he is retried in ninety days, Caceres be released from custody. The mandate shall issue forthwith.

REVERSED and REMANDED.

the issue of bypass, we are not constrained to consider it here.