**James E. GREER, Appellant,**

v.

**Charles J. BLACK, Warden, Nebraska State Penitentiary, Appellee.**

**No. 84–1815.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1984.

Decided April 1, 1985.

James R. Harris, Lincoln, Neb., for appellant.

Sharon M. Lindgren, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before HEANEY, ROSS and FAGG, Circuit Judges.

FAGG, Circuit Judge.

James Greer and two of his brothers, Ed Greer and Larry Scott, were convicted by a jury after a joint trial on charges of robbery and use of a firearm in the commission of a felony in Nebraska state court. James Greer and Larry Scott were represented at trial by the same attorney. In his petition for habeas corpus, James Greer contends that the joint representation denied him effective assistance of counsel in violation of the sixth amendment by subjecting his attorney to a conflict of interests. We find no merit in Greer's claim and affirm the district court's dismissal of the petition.

On May 19, 1980, at approximately 10:30 p.m., two armed, masked men robbed a Kwik Shop store in Omaha, Nebraska. Within minutes, police officers a few blocks from the store stopped a car based on descriptions from other similar, contemporaneous robberies. The police found James Greer behind the wheel. James Greer's two brothers, two handguns, a wad of money, and masks were also found inside the car. Witnesses from the Kwik Shop were brought immediately to the arrest site where they identified Ed Greer and Larry Scott as the robbers by their clothing and build and by the masks. At trial, witnesses again identified the clothing, masks, and guns. No one identified the car or James Greer. All three brothers were convicted and sentenced to approximately equal terms of imprisonment. James Greer now claims that his attorney was ineffective because a conflict of interests precluded adequate representation of both himself and Scott at the same time.

■ In *Cuyler v. Sullivan*, 446 U.S. 335, 347, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333 (1980), the Supreme Court held that a trial judge must make an inquiry into the propriety of joint representation when the judge knows or reasonably should know that a conflict exists. Based upon our review of the record, we conclude that this is not a case in which the trial judge had an affirmative duty to make such an inquiry. James Greer's attorney did not object to the dual representation at trial. The defendants made no attempt at mutual recrimination, they did not assert that their interests conflicted, and they did not present inconsistent defenses. In addition, all three defendants rested at the close of the state's evidence. From Greer's standpoint, this was a reasonable tactical response to the weakness of the direct and circumstantial evidence presented by the prosecutor. Furthermore, Greer's trial position, that he was not the driver of the car, and Scott's trial position, that he was not one of the armed gunmen inside the store, did not require that either brother point the finger of guilt at the other.

■ Without an objection or other signal to the trial judge that a potential conflict exists, a habeas petitioner must demonstrate that his attorney's performance was

adversely affected by an actual conflict of interest. *Id.* at 348, 100 S.Ct. at 1718; *Parker v. Parratt,* 662 F.2d 479, 483–84 (8th Cir.1981), *cert. denied,* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 91 (1982). "An actual conflict occurs when counsel cannot use his best efforts to exonerate one defendant for fear of implicating the other." *United States v. Auerbach,* 745 F.2d 1157, 1162 (8th Cir.1984). Greer claims his attorney's conflict of interest is evident from the attorney's refusal to call Scott as a witness in his behalf and failure to stress Greer's relatively lesser culpability at sentencing. The district court concluded that Greer failed to prove the presence of an actual conflict. We agree.

Although we have previously stated that "there is no litmus test to determine whether an actual conflict exists," we have also recognized that a "conflict of interests exists where the factual circumstances require counsel to offer evidence which assists one codefendant but adversely affects others." *Parker,* 662 F.2d at 484. In this regard, Greer claims that his attorney failed to call Scott as a witness in James Greer's behalf because of a conflict of interest. At an evidentiary hearing in the district court, Scott testified that he indicated his desire to testify at trial, but was dissuaded by his attorney's statement that the prosecution would "eat him up." However, Scott did not describe what his testimony may have been. Without such an offer, we are unable to say whether Scott's testimony would have helped Greer or hurt Scott. *See, e.g., United States v. Lavallie,* 666 F.2d 1217, 1220 (8th Cir.1981). Greer thus failed to prove that the attorney's advice was affected by an actual conflict of interest.

Next, Greer points out that his attorney said little more at the sentencing hearing than that he had nothing to add to the presentence investigation report. Greer contends that independent counsel unafraid to highlight Scott's role in the robbery would have stressed Greer's purportedly lesser degree of culpability as the mere driver of the getaway car. This contention was not raised in Greer's petition in the district court, so we need not consider it now. *See United States v. Samuelson,* 722 F.2d 425, 427 (8th Cir.1983).

Even if this contention were properly before us, we would reject it. If there was some question over whether James Greer instead of Scott had actually entered the store, we would face a more difficult problem. *Compare Turnquest v. Wainwright,* 651 F.2d 331, 333 (5th Cir.1981). Here, however, Greer's role as, at most, the driver was established by the evidence, emphasized by Greer's attorney and the prosecutor in closing argument, and acknowledged by the trial judge at the sentencing hearing. Scott's role as one of the armed men who entered the store also was established by the jury's acceptance of the state's theory. At sentencing, when both Greer's and Scott's roles had been fixed, the attorney's failure to belabor the obvious was not an "actual lapse in representation." *Cuyler,* 446 U.S. at 349, 100 S.Ct. at 1718. Thus, we cannot say that the attorney's failure to articulate Greer's lesser role in the robbery was done to "protect the competing interests of a jointly represented codefendant." *Auerbach,* 745 F.2d at 1162.

Because we find no indication that James Greer's attorney was adversely affected by an actual conflict of interest, the judgment of the district court is affirmed.