**UNITED STATES, Appellee,**

v.

**Jeffrey L. OLDHAM, Appellant.**

**No. 85–1089.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1986.

Decided April 3, 1986.

---

Charles M. Meyer, Omaha, Neb., for appellant.

Stephen D. Anderson, Omaha, Neb., for appellee.

Before JOHN R. GIBSON and WOLL-MAN, Circuit Judges, and HARPER,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Jeffrey Oldham appeals from the district court's [1] denial of three motions for post-conviction relief pursuant to 28 U.S.C. § 2255 (1982), and the court's disposition of nineteen other pending motions. Oldham contends that the United States breached a written plea agreement in which he pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1982). He also contends that the district court improperly accepted his guilty plea under Federal Rule of Criminal Procedure 11. Finally, Oldham contends that he possesses new evidence which shows that the trial court was misinformed regarding his cooperation with state authorities under the plea agreement. The district court considered these arguments and denied Oldham's section 2255 motions. We affirm.

On September 21, 1983, Oldham was indicted on eight counts of distribution of controlled substances, and conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 843(b), 846 (1982). He pleaded not guilty to all counts. Subsequently, Oldham entered into a written plea agreement with the United States in which he agreed to plead guilty to count 1 of his indictment, conspiracy to distribute

---

* The HONORABLE ROY W. HARPER, Senior United States District Judge for the Eastern and Western Districts of Missouri.

1. The Late Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

cocaine in violation of 21 U.S.C. § 841(a)(1), and cooperate with law enforcement authorities in certain investigations into drug trafficking operations in western Nebraska. In return, the United States agreed not to prosecute Oldham on the other counts of the indictment. The United States also agreed to bring Oldham's cooperation to the district court's attention "either in open court or by other responsible and lawful means according to [Oldham's wishes]," *United States v. Oldham*, No. Cr. 83–0–63, Plea Agreement Paragraph 4 (Vol. II. Pleadings), and to make no recommendations regarding sentencing or parole terms. Oldham changed his plea to guilty on count 1 of the indictment, and the court dismissed all the other charges. The court then sentenced Oldham to a term of eight years.

Following pronouncement of sentence, Oldham submitted to the court voluminous letters and documents seeking various forms of relief. The court distilled these filings into twenty-two motions, appointed counsel to Oldham, and held a hearing. The court then issued a written order dismissing some of Oldham's motions as moot, and denying the remaining motions.[2] On appeal Oldham renews his rule 11 challenge, and his claim that the United States violated the terms of his plea agreement.

■ The record shows that the district court complied with the procedures set forth in rule 11 when it accepted Oldham's guilty plea. Oldham appeared with counsel before the district court and the court advised him of the nature of the charges against him, and of the charge to which he had offered to plead guilty. The court also advised Oldham of the constitutional rights which he would waive by pleading guilty. The court further inquired whether Oldham was satisfied with his counsel's assistance. The court then made a determination that defendant's guilty plea was entered voluntarily and that there was a factual basis for

the plea. After a careful reading of the transcript of the plea acceptance, we conclude that the district court did not err in denying Oldham's section 2255 motion grounded on improper plea-taking procedure.

■ We also hold that the United States did not violate the terms of its plea agreement with Oldham. The terms of the bargain are undisputed. The United States promised to dismiss all other counts of the indictment, and to refrain from filing any additional charges based on the conduct which gave rise to this indictment. The United States also promised to stand mute at sentencing, except to inform the court of Oldham's cooperation with law enforcement officers. The record clearly shows that the United States told the court that Oldham had cooperated with the Nebraska State Patrol since the time of his plea, that all other counts of the indictment were dismissed, and that the United States otherwise remained silent with respect to sentencing. The plea agreement required no more. The terms of the agreement were respected.

■ Finally, Oldham's contention that the sentencing court was not aware of his cooperation is without merit. In addition to the United States' statement to the court regarding Oldham's cooperation with state authorities, Oldham himself informed the court that he had cooperated extensively with law enforcement authorities by working undercover on a number of cases. Most notably, the record shows that prior to pronouncing sentence, the sentencing court stated:

Now, before the United States Attorney informed me, and before Mr. Oldham informed me this morning here in open court, that to some extent he has given some cooperation to the State Highway Patrol, I know that, and I have looked

---

2. Oldham's appeal to this court specifically targets only the court's disposition of the section 2255 motions. However, he states generally that he appeals from the disposition of all the pending motions. We have reviewed the district court's opinion treating the remaining motions and to the extent that they involved issues appealable to this court, we conclude that the district court did not err in its judgments.

into that very carefully and I have considered it, and it is a factor in his favor, without any question * * *.

*United States v. Oldham*, No. 83–0–63, Transcript of Sentencing Hearing at 22 (D.Neb. Mar. 1, 1984).

Oldham's allegation that the court was not informed of his cooperation is, therefore, clearly without merit, and we affirm the district court's dismissal of his section 2255 motion grounded in this contention.

Oldham further argues that he has a letter from a representative of the Nebraska State Highway Patrol containing evidence that the trial court was misinformed. He requests an evidentiary hearing in which to present this evidence. This letter was not presented to the district court and the letter itself, and argument based upon it, are raised for the first time on appeal. Absent extraordinary circumstances, we will not consider an issue raised for the first time on appeal. *Mustain v. Pearson*, 592 F.2d 1018, 1020 (8th Cir.1979); *Levitt v. United States*, 517 F.2d 1339, 1347 (8th Cir.1975). Because we see no evidence of extraordinary circumstances in this case requiring departure from this rule, we decline to consider the new issue in this appeal.

Oldham argues that our refusal to consider this evidence simply will result in the case returning to the district court, ultimately raising the possible necessity of further appeal. Section 2255 leaves to the district court's discretion the determination whether an evidentiary hearing is necessary to determine factual contentions. There is no reason to depart from that procedure in this case.

The judgment of the district court is affirmed.