**William Arthur WIDGERY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 84–2544.

United States Court of Appeals,
Eighth Circuit.

Submitted March 10, 1986.

Decided July 7, 1986.

Rehearing and Rehearing En Banc
Denied Sept. 2, 1986.

Dennis E. Egan, Kansas City, Mo., for appellant.

Cynthia Clark Campbell, Kansas City, Mo., for appellee.

Before HEANEY and FAGG, Circuit Judges, and WOODS,* District Judge.

FAGG, Circuit Judge.

In January 1980, William Arthur Widgery was convicted of ten counts of mail and wire fraud. All but two counts of his conviction were affirmed on appeal. *United States v. Widgery*, 636 F.2d 200 (8th Cir.1980). Following his direct appeal, Widgery has filed four separate motions for new trial under Rule 33 of the Federal Rules of Criminal Procedure. Each motion has been denied. Widgery unsuccessfully appealed the denial of the first motion for new trial, *United States v. Widgery*, 674 F.2d 710 (8th Cir.), *cert. denied*, 459 U.S. 894, 103 S.Ct. 192, 74 L.Ed.2d 155 (1982), but chose not to pursue appeals from the denials of his other three new trial motions.

Instead, after his fourth motion for new trial was denied, Widgery filed this section 2255 motion. *See* 28 U.S.C. § 2255. In this motion Widgery raised five grounds for relief:

(1) Ineffective assistance of counsel.

(2) Prosecutorial misconduct in allowing false testimony to be knowingly introduced or to go knowingly uncorrected.

(3) Prosecutorial misconduct in knowingly misleading the Court and jury in its opening and closing arguments by making statements and claims the prosecution knew to be false.

(4) Prosecutorial misconduct in that the prosecution knowingly withheld information favorable to the defendant.

(5) Prosecutorial misconduct in that the prosecution willfully concealed an immunity arrangement that it had arranged with the witness who testified at trial.

Appellant's Brief at 17.

The district court denied Widgery's section 2255 motion without holding an evidentiary hearing. In the present appeal Widgery asks that we remand the case to the district court with instructions to hold an evidentiary hearing. Because we find that the district court did not abuse its discretion in denying Widgery's section 2255 motion without a hearing, we affirm the order of the district court.

■ Section 2255 states that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the district court shall conduct a hearing on the claims. 28 U.S.C. § 2255. However, the decision as to whether a hearing is necessary to determine factual contentions is committed to the discretion of the district court. *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir.1986); *United States v. Earley*, 746 F.2d 412, 417 (8th Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 2707, 86 L.Ed.2d 723 (1985).

After reviewing Widgery's section 2255 motion along with the extensive record Widgery has made with respect to his motions for new trial and the various rulings on these motions, the district court found that each claim presented in grounds two through five of Widgery's section 2255 motion had been raised before in one of Widgery's new trial motions. Thus, the district court determined that a hearing on the claims raised in grounds two through five was unnecessary. We find no abuse of discretion in this decision.

■ Widgery is not entitled to a reconsideration of issues that he raised in his first new trial motion and that were decided against him on appeal from the denial of that motion. *See United States v. Sanders*, 723 F.2d 34, 36 (8th Cir.1983) (per curiam). Hence, the district court properly denied Widgery a hearing on the claims he had previously raised in his first new trial motion.

---

* THE HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

■ In addition, because Widgery did not appeal adverse district court rulings on his second and third motions for new trial, he cannot insist on a rehearing of those same claims in a section 2255 proceeding. *United States v. Little*, 608 F.2d 296, 300 (8th Cir.1979), *cert. denied*, 444 U.S. 1089, 100 S.Ct. 1053, 62 L.Ed.2d 777 (1980). Although a failure to appeal adverse district court determinations on new trial motions may not automatically waive the right to pursue these claims in a later collateral attack, "[w]here a trial or appellate court has determined the federal prisoner's claim, discretion may in the proper case be exercised against the grant of a § 2255 hearing * * *." *Id.* at 300 (quoting *Kaufman v. United States*, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 1074 n. 8, 22 L.Ed.2d 227 (1969)). Thus, it was within the district court's discretion to deny Widgery a hearing on the claims that he had previously raised in his second and third new trial motions and which have been decided against him.

The district court found that Widgery deliberately failed to pursue his appeals from the denials of his second and third motions for new trial. *See Kaufman*, 394 U.S. at 227 n. 8, 89 S.Ct. 1074 n. 8 ("the § 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided * * * by way of appeal"); *see also Little*, 608 F.2d at 300. Because of this finding, we need not address whether Widgery must meet the cause and prejudice standard outlined in *United States v. Frady*, 456 U.S. 152, 167–69, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982). *See Morris v. United States*, 687 F.2d 899, 904 (7th Cir.1982) (cause and prejudice standard is applicable in determining whether an issue not raised on direct appeal can be challenged in a 2255 proceeding); *see also Earley*, 746 F.2d at 415 (circumstances of case render unnecessary a determination of whether the *Frady* standard applies if defendant fails to raise an issue on direct appeal); *United States v. Auerbach*, 745 F.2d 1157, 1160 (8th Cir.1984) (issue of whether cause and prejudice standard should apply if defendant fails to raise issue on direct appeal will not be considered because the government did not raise the issue below). *But see Diggs v. United States*, 740 F.2d 239, 243–45 (3d Cir.1984) (rejecting the *Norris* application of the cause and prejudice standard to a failure to appeal).

The dissent asserts, however, that we must remand to the district court the question of whether Widgery deliberately bypassed his opportunity to appeal the denial of his third motion for new trial. The third motion for new trial raised the identical issue of the government's failure to divulge an alleged immunity agreement with a witness as Widgery raises in his fifth ground for section 2255 relief.

The dissent argues that a remand is necessary because the district court applied the more rigorous cause and prejudice standard to Widgery's failure to prosecute his appeals. We disagree. Although the district court noted that Widgery had not established cause for his failure to prosecute his appeals, it also found that Widgery "deliberate[ly] fail[ed] to prosecute his appeal[s]." Indeed, the dissent's suggestion that Widgery did not pursue the appeal from the denial of his third new trial motion because he thought he had been instructed to proceed under section 2255 is not supported by the record.

[Widgery] was directed by the District Judge [on the fourth new trial motion—the ineffective assistance of counsel claim] to bring the claim under 28 U.S.C. § 2255. As to [claims two through five of his section 2255 motion], he felt that an appeal would be unsuccessful on new trial grounds, but since he had never raised the 2255 claims *per se* that he would be better able to present his case under that section.

Appellant's Brief at 42.

Widgery has thus admitted that he did not appeal from the denial of his second and third new trial motions because he believed he would fare better in a section 2255 proceeding. A clearer case of a delib-

erate bypass of orderly federal procedures cannot be stated. Accordingly, we affirm the district court's denial of a hearing on the claims which were previously decided against Widgery in his second and third new trial motions.

The district court also denied without an evidentiary hearing the ineffective assistance of counsel claim presented in Widgery's section 2255 motion. Widgery had raised an identical claim in his final motion for a new trial. His motion for a new trial based on ineffective assistance of counsel was denied because the district court held that a Rule 33 motion was not a proper proceeding in which to litigate this claim.

■ Thus, until the denial of the section 2255 motion, no court had ruled on the merits of the ineffective assistance of counsel claim. Of course, the district court may still determine on the basis of the record before it that the claim is without merit. *See Earley,* 746 F.2d at 417. Here, although the district court noted that Widgery's claim of ineffective assistance of counsel was not new, it also properly evaluated the claim and found it to be without merit. We agree with this evaluation.

The Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), set out a two-prong test for ineffective assistance of counsel. First, Widgery must show counsel's representation was deficient and, second, that the deficiency caused Widgery prejudice. *Id.* at 687, 104 S.Ct. at 2064–65; *Voytik v. United States,* 778 F.2d 1306, 1310 (8th Cir.1985). Without detailing each of Widgery's numerous attacks on the effectiveness of his counsel, we find after a thorough review of the record that each of

Widgery's claims fails to satisfy one or both prongs of the test.

Accordingly, we affirm the order of the district court denying Widgery's section 2255 motion without an evidentiary hearing.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. I would remand for a determination of whether Widgery "deliberately bypassed" an appeal in favor of a section 2255 proceeding. Widgery's claim is that the government violated his right to due process as interpreted in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *see also United States v. Agurs,* 427 U.S. 97, 107, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976) (fifth amendment), by failing to inform him that a key government witness, Harvey Jefferson, had been promised immunity from prosecution in exchange for cooperation in helping to convict him.[1] Widgery submits that Jefferson, in an October 4, 1982, affidavit and in sworn testimony, stated that in May, 1979, the FBI asked him to place a hidden microphone on his body and set up a meeting with Widgery. "I understood this was necessary to guarantee my immunity. Before giving testimony for the government at the trial in Kansas City, my attorney and I personally spoke with Mr. Ronald Reed, the U.S. Attorney, regarding my testimony and making sure I was not going to be prosecuted. It was my understanding that I would not be prosecuted if I would cooperate with the government." Jefferson went on to state that, "[s]ince the trial in Kansas City, I have discovered that Mr. Widgery was convicted of supplying bogus purchase orders of car-wash equipment for

---

**1.** Widgery points out that he specifically requested any information regarding promises of immunity or leniency to government witnesses. Prior to the United States Supreme Court's decision in *United States v. Bagley,* — U.S. —, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), analysis of whether evidence was sufficiently material to require its disclosure turned in part on whether a "specific" or merely "general" request was made for disclosure. In *United States v. Hogan,* 769 F.2d 1293 (8th Cir.1985), we pointed out that *Bagley* implicitly rejected these distinc-

tions and that "[a] majority of the Supreme Court now seems to agree that irrespective of the specificity of a request for evidence made by the defense, for purposes of a *Brady* inquiry if either exculpatory or impeachment evidence is suppressed by the prosecution, and if the evidence is material, reversal is warranted." 769 F.2d at 1299, 1299 n. 9. *But see Patterson v. Black,* 791 F.2d 107, 110 n. 2 (8th Cir.1986) (Judges Hanson and Heaney disagreeing with *Hogan*'s interpretation of *Bagley,* but accepting *Hogan* as binding precedent.).

Haskell Stone and Charles Howell, and that he received wire transfers as advances on commissions on *fraudulent* orders. I know personally that both Haskell Stone and Charles Howell ordered car-wash equipment and that they received money from the wire transfers to get started with their car wash. The money I received from these advances I considered as loans." On October 5, 1982, Widgery raised this issue in a motion for a new trial, or, in the alternative, for an evidentiary hearing. The district court denied the motion without an evidentiary hearing. Widgery filed an appeal but failed to prosecute it and, on June 14, 1983, this Court dismissed the appeal on its own motion. *United States v. Widgery*, No. 82–2323 (8th Cir. July 14, 1983) (unpublished).

Widgery then filed this section 2255 motion raising, inter alia, the issue concerning Jefferson's alleged "deal" with the government. The district court refused to consider the merits of Widgery's claim on the ground that his failure to prosecute his appeal due to misunderstanding or a belief that a section 2255 motion "would be more expeditious" was an abuse of process because it did not constitute "cause" under *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). The majority now affirms this result, apparently on the ground that the district court did not abuse its discretion.

My primary disagreement with the majority's opinion is that it leaves confusion over the correct standard to be applied for determining whether Widgery's failure to prosecute his appeal bars his present section 2255 motion, even though this question has already been settled in this Circuit by our controlling decision in *United States v. Little*, 608 F.2d 296, 300 (8th Cir.1979), *cert. denied*, 444 U.S. 1089, 100 S.Ct. 1053, 62 L.Ed.2d 777 (1980). There, we reiterated that habeas petitions raising issues which were not raised on direct appeal are not barred unless there was a "deliberate bypass" of the appeals process. Despite this controlling ruling, the trial court rather applied the "cause and prejudice" standard set forth in *Frady*, 456 U.S. 152, 102

S.Ct. 1584, which applies where a habeas petition seeks relief based on trial errors to which a required contemporaneous objection was not made. *Frady*, 456 U.S. 152, 102 S.Ct. 1584); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (In absence of showing of "cause and actual prejudice," state prisoners' federal habeas challenge to admission of confession barred by failure to comply with state law requiring a pretrial challenge to admissibility.); *Engle v. Issac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (State prisoners' federal habeas challenge to jury instructions barred in absence of showing of "cause and actual prejudice" justifying failure to comply with state's contemporaneous objection rule.); *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976) (State prisoner who failed to comply with state law requiring contemporaneous objection to composition of grand jury barred, in absence of showing of "cause and prejudice," from challenging grand jury composition in federal habeas proceeding.); *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973) ("Cause and prejudice" standard first applied where federal habeas petitioner failed, during trial court proceedings, to comply with federal contemporaneous objection rule.).

Because this case, like *Little* and unlike the *Davis* line of cases, involves failure to appeal an issue rather than failure to raise it at trial, the district court should have applied the "deliberate bypass" standard first set forth in *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). In *Fay*, the habeas petitioner unsuccessfully moved to suppress admission of his confession at trial. He failed to appeal this decision because he could have received the death penalty if retried following a successful appeal. The Court held that Fay's failure to appeal the admission of his confession did not preclude habeas relief on his coerced confession claim because he had not "deliberate[ly] bypass[ed]" the appeals process. Six years later, in *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068,

22 L.Ed.2d 227 (1969), the Court held that a federal prisoner who had properly raised a fourth-amendment claim at trial, but had not raised it on direct appeal, could obtain section 2255 relief because he had not "deliberate[ly] bypass[ed]" raising the issue on direct appeal. The Court's footnote number 8 stated:

> Where a trial or appellate court has determined the federal prisoner's claim, discretion may in a proper case be exercised against the grant of a § 2255 hearing....
>
> Furthermore, the § 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided at or before trial and by way of appeal— e.g., motion to suppress under Fed.Rule Crim.Proc. 41(e) or appeal under Fed.

Rule App.Proc. 4(b). *Fay v. Noia, supra,* [372 U.S. 391,] n. 3, at 438 [83 S.Ct. 822 at 848], 9 L.Ed.2d 837 at 868; *Henry v. Mississippi, supra,* [379 U.S. 443,] n. 3, at 451–452 [85 S.Ct. 564 at 569, 570] 13 L.Ed.2d 408 at 414, 415.

*Kaufman,* 394 U.S. at 227, n. 8, 89 S.Ct. at 1074, n. 8.

The parties fail to cite and my research fails to reveal any decision of this Court applying the "cause and prejudice" standard to habeas cases raising an issue properly raised in trial court proceedings but not raised on direct appeal.

Although the majority's citation to *Little* indicates the continuing applicability of the "deliberate bypass" standard,[2] I disagree with its conclusion that the district court

---

**2.** The Court's failure to adequately discuss the relevant standard is particularly troubling in light of the relatively recent extension, by a divided panel of the United States Court of Appeals for the Seventh Circuit, of the "cause and prejudice" standard to habeas cases involving a failure to appeal. *Norris v. United States,* 687 F.2d 899 (7th Cir.1982). The majority in *Norris* concluded that *"Frady* casts sufficient doubt on the continued viability of *Kaufman* to allow us to consider as an original question whether failure to appeal on a ground later raised in a section 2255 motion should bar the motion unless good cause for not appealing is shown." 687 F.2d at 903. It seems clear, however, that *Frady* casts no doubt at all on the continued viability of the deliberate bypass standard. *See Diggs v. United States,* 740 F.2d 239, 243–45 (3d Cir.1984) (Court continues to apply deliberate bypass standard and specifically rejects *Norris* majority's view that *Frady* requires application of cause and prejudice standard to habeas cases involving a failure to appeal.); *Brien v. United States,* 695 F.2d 10, 13 (1st Cir.1982) (Specifically rejecting argument that *Frady* requires application of "cause and prejudice" standard to case involving failure to raise ineffective assistance of counsel claim at trial or on direct appeal.); *United States v. Caceres,* 745 F.2d 935, 936 n. 2 (5th Cir.1984) (continuing to apply deliberate bypass standard after *Frady* ); *United States v. Cosentino,* 685 F.2d 48, 50–51 (2d Cir.1982) (same); *Bass v. Wainwright,* 675 F.2d 1204, 1207 (11th Cir.1982) (same); *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir.1981) (same); *United States v. McDonald,* 611 F.2d 1291, 1293 (9th Cir.1980) (same).

In sum, Supreme Court rulings, this Circuit's controlling precedent and every federal appeals court other than the divided panel in *Norris,* 687 F.2d at 899, apply the deliberate bypass standard to issues like that before us here. Seventh Circuit Judge Cudahy, dissenting in *Norris,* 687 F.2d at 910, well describes the policy behind this:

> "[I]t seems only fair to apply a different, and more forgiving, waiver standard to a failure to appeal than the standard applied to a failure to raise an issue at trial. Procedural defaults at trial do not require, and usually do not involve, a personal choice on the part of an untutored defendant. Rather, they are made by counsel, who presumably knows the law and acts in a calculating manner. On the other hand, the decision to appeal, such as the choice faced by the petitioner in *Fay v. Noia,* implicates "the exercise of volition by the defendant himself...." *Wainwright v. Sykes,* 433 U.S. at 92, 97 S.Ct. at 2509 (Burger, C.J., concurring). Thus, the decision to appeal is like the decision to enter a plea of guilty. In both cases, it is unreasonable to give preclusive effect to the decision absent proof that the defendant personally made an informed and calculated choice. The "deliberate bypass" standard requires such proof while the "cause and actual prejudice" standard does not. Also, unlike the failure to raise an issue at trial, which might enable the trial court to correct or avoid an error, a failure to appeal does not itself contribute to the introduction of additional error."

*Norris,* 687 F.2d at 910.

This reasoning, which Judge Cudahy directly derives from Chief Justice Burger's concurrence in *Sykes,* 433 U.S. at 92, 97 S.Ct. at 2509, is fully applicable here where Widgery, a *pro se* litigant, failed to appeal due in large measure to his failure to understand the complex waiver standards. *See also Diggs,* 740 F.2d at 244.

essentially applied this standard. The district court explicitly found that Widgery's habeas petition on the Jefferson "deal" is barred because his failure to appeal due to misunderstanding of the appropriate procedure does not constitute "cause" under *Frady*. Although the district court then stated in passing that Widgery deliberately chose not to appeal, it did not apply, or take evidence on, whether this failure constitutes a "deliberate bypass" of the appeals process as that term has been construed by the courts. In *Montgomery v. Hopper*, 488 F.2d 877, 879–80 (5th Cir.1973), the Court noted that "[t]he term 'deliberate bypass' is one of art [which essentially means] that [the petitioner] deliberately bypassed his right of appeal * * * to gain * * tactical or strategic advantage in the pursuit of his claims." *See also Caceres*, 745 F.2d at 936 n. 2 ("Constitutional issues may be raised in a section 2255 motion, though not raised on direct appeal, as long as the movant has not deliberately bypassed the appellate process in order to gain tactical advantage."); *Capua*, 656 F.2d at 1033 (Proof of deliberate bypass generally requires showing that the petitioner sought to gain tactical or strategic advantage by foregoing direct appeal.); *Sosa v. United States*, 550 F.2d 244, 248 (5th Cir.1977) (Court holds that the Sosas had not deliberately bypassed their appeal in favor of a section 2255 motion because there was no evidence of an attempt to gain strategic or tactical advantage. The Court agreed with the Sosas' contention that "they only 'tried to expedite the instant case at the least expense and with the least inconvenience to this Court.'"). Additionally, numerous cases have held that there is no "deliberate bypass" unless the record clearly indicates that "[a]ppellant's right to appeal was voluntarily and understandably waived." *McKnight*, 507 F.2d at 1036 (citation omitted). *See also, e.g., Kaufman*, 22 L.Ed.2d at 233–34 n. 3 (No conscious waiver of appeal.); *Capua*, 656 F.2d at 1037 ("Failure to appeal directly a constitutional claim of error will not bar habeas relief under section 2255 absent a deliberate choice not to appeal made by conscious election."). Case

law also requires that, before a habeas petition be barred due to a deliberate bypass of the appeals process, a record be established clearly showing that there was a "deliberate bypass" as these terms have been construed. *United States v. Caceres*, 745 F.2d 935, 936 n. 2 (5th Cir.1984) ("Unless the record clearly establishes a deliberate bypass of direct appeal, the issue requires an evidentiary hearing."); *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir.1981) (Same.); *McKnight v. United States*, 507 F.2d 1034, 1036 (5th Cir.1975) ("[W]here a district court intends to use [the *Kaufman*] rationale for denying a Sec. 2255 motion, this Court requires that the lower court's decision not only indicate a finding of deliberate bypass, but also reflect sufficient evidentiary development therefor."); *Morris v. United States*, 503 F.2d 457, 458 (5th Cir.1974) (Court will not assume abandonment of the right to appeal from a criminal conviction unless facts clearly supporting such an assumption are developed on the record.).

To this point, the government has presented no evidence that Widgery deliberately bypassed his appeal to gain tactical or strategic advantage or that he voluntarily and understandingly waived his right to appeal. Nonetheless, I would remand to the district court to give the government the opportunity to make such a showing in the district court. Widgery alleges that, as a *pro se* litigant, he was unaware that his failure to prosecute his appeal would bar relief under section 2255. He contends that he was confused by the district court's statement that he should bring his ineffective assistance of counsel claim under section 2255 and by the government's suggestion in response to his fourth motion for new trial filed October 28, 1982, that "[d]efendant's proper remedy at this time is to proceed under 28 U.S.C. § 2255." In light of these suggestions, Widgery's *pro se* status and the complexity of the law in this area, it is understandable how Widgery could have been confused as to the proper method for getting a determination on the merits of his claim.

Finally, it is important to note that Widgery has never had a hearing on the merits of this important claim involving the integrity of the judicial process, *see Bass*, 628 F.2d at 1207, and that the dispute over claim five to be in large measure a factual one. The government's brief contends that no "deal" was ever made with witness Jefferson and that Jefferson's affidavit is incompetent evidence. In light of its heavy reliance on these factual contentions, the government in all fairness might be well advised to waive its reliance on procedural bars to Widgery's claim and request an evidentiary hearing on the merits where it could resolve Widgery's claim once and for all.