56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Larry R. WILLIAMS, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-3535
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 11, 1995
Filed: May 24, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry Williams appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Williams was convicted for selling cattle and timber he had pledged as collateral to the Farmers' Home Administration (FmHA) (cattle fraud), and later convicted for influencing jurors (jury tampering). The district court sentenced him for the cattle fraud conviction after enhancing his base offense level for his attempt to influence jurors, resulting in a 24-month prison sentence. The court did not impose a sentence for the jury tampering conviction. On appeal, this court affirmed the cattle fraud conviction, but remanded for resentencing, concluding that the convictions should have been grouped under the Sentencing Guidelines, resulting in a single sentence. United States v. Williams, 935 F.2d 1531, 1534-39 (8th Cir. 1991), cert. denied, 502 U.S. 1101 (1992). On remand, the district court resentenced Williams to 33 months imprisonment, the Guidelines sentence for the jury tampering conviction, which carried the higher offense level.
 
 
 3
 In this section 2255 motion, Williams contended that, under United States v. Koonce, 945 F.2d 1145 (10th Cir. 1991), cert. denied, 112 S. Ct. 1695 and 1705 (1992) (Koonce III ), sentencing him for jury tampering constituted double jeopardy, because his cattle fraud Guidelines sentence included an enhancement for jury tampering. The magistrate judge recommended denying Williams's motion; Williams objected, requested appointment of counsel, and also argued that FmHA officials violated his due process rights when they "circumvented their own rules and regulations," and that his counsel was ineffective in not making the arguments discussed in the dissenting opinion filed in his direct appeal. The district court denied Williams's request for appointed counsel, found Williams's objections meritless, adopted the magistrate judge's report and recommendation, and denied the section 2255 motion.
 
 
 4
 We first conclude the district court did not abuse its discretion in denying Williams's motion for appointment of counsel. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (setting forth factors court should consider when addressing motion), cert. denied, 112 S. Ct. 1995 (1992). Nor did the district court abuse its discretion in ruling on Williams's section 2255 motion without conducting an evidentiary hearing, because the record included all of the necessary information. See Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993) (per curiam) (standard for whether hearing is necessary); Widgery v. United States, 796 F.2d 223, 224 (8th Cir. 1986) (standard of review).
 
 
 5
 Reviewing the district court's conclusions of law de novo, we affirm because the motion, files, and records conclusively show Williams is not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir. 1995). Williams argues that our earlier decision remanding his sentence was based on United States v. Koonce, 885 F.2d 720, 722 (10th Cir. 1989) (Koonce II ), and that the Tenth Circuit later reversed Koonce II in Koonce III. This court did not rely exclusively on Koonce II in vacating Williams's sentence and remanding; it also concluded his convictions should have been grouped pursuant to the Guidelines. Williams, 935 F.2d at 1538-39. We also note that Koonce III did not reverse Koonce II. Regardless, Koonce III is not the law of this circuit. See United States v. Bennett, 44 F.3d 1364, 1377 (8th Cir. 1995), petition for cert. filed, No. 94-8179 (U.S. Feb. 22, 1995).
 
 
 6
 The district court did not err in rejecting Williams's conclusory claims regarding ineffective assistance of counsel and the FmHA regulations. We do not reach those claims which Williams raises for the first time on appeal of his section 2255 motion, many of which he raised on direct appeal. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993) (absent plain error, court need not address issues raised for first time on appeal), cert. denied, 114 S. Ct. 887 (1994); Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam) (claims raised and decided on direct appeal cannot be raised in a section 2255 motion). Finally, Williams's motion for appointment of counsel on appeal is denied.
 
 
 7
 Accordingly, the district court judgment is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas, adopting the report and recommendation of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas