UNITED STATES of America, Appellee,

v.

Donald Joe SHEPARD and Billy Clinton Caldwell, Appellants.

No. 82–1005.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1982.

Decided April 9, 1982.

Stephen Stein, Las Vegas, Nev., and Byron Neal Fox, Kansas City, Mo., for appellants.

Robert G. Ulrich, U. S. Atty., W. D. Mo., Edward D. Holmes, Atty., U. S. Dept. of Justice, Kansas City, Mo., for appellee.

Before HEANEY, STEPHENSON * and ARNOLD, Circuit Judges.

HEANEY, Circuit Judge.

This case presents an appeal from the district court's pretrial order disqualifying counsel. Appellants, defendants Shepard and Caldwell, are two of eleven defendants named in a seventeen-count indictment charging, *inter alia*, conspiracy, interstate travel or transportation in aid of racketeering enterprises and interstate transportation of stolen goods, in violation of 18 U.S.C. §§ 371, 1952 and 2314. The conspiracy count alleges that certain defendants exercised illegal control over the Tropicana Hotel and Country Club of Las Vegas, Nevada (Tropicana) and that defendants Shepard and Caldwell "skimmed" money from the Tropicana for the benefit of other defendants. The grand jury investigation was part of a multi-district investigation into the Tropicana's affairs.[1]

---

* The Honorable Roy L. Stephenson assumed senior status on April 1, 1982.

1. A related case is pending in the district court for the district of Minnesota; in that case, the district court also disqualified counsel prior to trial and several of the defendants appealed. This Court has filed its opinion in that appeal, *United States v. Agosto, et al,* 675 F.2d 965 (8th Cir. 1982), simultaneously with the filing of this opinion.

The district court[2] disqualified two counsel: Stephen Stein, principal counsel for both defendants Caldwell and Shepard, and Byron Fox, principal counsel for defendants Nick Civella and Carl Civella, and local counsel for defendants Caldwell, Shepard, Agosto and Chiavola. Fox was disqualified only in his capacity as local counsel; he continues to act as principal counsel for defendants Civella.[3] We affirm in part and reverse in part and remand for further proceedings.

*Stephen Stein*

■ Conflicts may arise when an attorney simultaneously represents clients with differing interests (multiple representation), or when an attorney representing a defendant has previously represented codefendants or trial witnesses (successive representation). Both possibilities of conflict are present here. At the time of his disqualification, Stein represented two codefendants. Prior to the indictment, he had represented another codefendant, Joseph Agosto, and he, or a partner in his law firm, had also represented five potential trial witnesses in connection with their appearances before grand juries investigating the Tropicana's business affairs.

The district court concluded that there was a serious possibility that conflicts of interest would arise as a result of Stein's former representation of grand jury witnesses who would probably be called to testify at the trial.[4] It held that, even though the defendants had attempted to waive their right to assistance of counsel unimpeded by these conflicts, the court's responsibility to exercise supervisory authority over members of the bar prevailed over defendants' right to counsel of choice. In disqualifying Stein because of his prior

representation of grand jury witnesses, the court did not rule on whether Stein's simultaneous representation of codefendants, or his former representation of a third codefendant, required disqualification.

Stein, or his partner, represented the following individuals: Mitzi Briggs Smith—at one time an eighty percent owner of the Tropicana, Melvin Wolzinger—part owner of the Tropicana, Harold Hug—ex-comptroller of the Tropicana, Jay Brown—Stein's law partner, Nicholas Tanno—general manager of the Tropicana, and Albert Bardier—accountant for a business entity owned by Agosto. Smith, Brown and Hug testified before both the Minnesota and Kansas City federal grand juries. Stein's law partner, Oscar Goodman, represented Smith in connection with her appearance before the Kansas City grand jury. Goodman also represented Melvin Wolzinger, part owner of the Tropicana. The government represented to the district court that all of the grand jury witnesses except Bardier would probably be called as witnesses at trial.

■ As we noted in *United States v. Agosto, et al,* 675 F.2d 965, at 971 (8th Cir. 1982), defense counsel's prior representation of grand jury witnesses who are expected to testify at trial raises two major possibilities of conflict: (1) the attorney's pecuniary interest in furthering his business relationship with the former client may affect representation of the present client, and (2) the attorney may misuse confidential information obtained from the former client, or may fail to fully cross-examine for fear of misusing confidential information. *See United States v. Jeffers,* 520 F.2d 1256, 1264–1265 (7th Cir. 1975), *cert. denied,* 423 U.S. 1066, 96 S.Ct.

2. United States District Court for the Western District of Missouri, Honorable Joseph E. Stevens, Jr.

3. The district court declined to disqualify Fox from jointly representing Nick and Carl Civella, holding that the Civellas had waived any conflict of interest. That holding was not appealed and we, therefore, do not address it.

4. The court also concluded that the potential for conflict was made greater as a result of Stein's law partner's representation of potential trial witnesses. In so concluding, it cited the principle set forth in *Arkansas v. Dean Foods Products Co., Inc.,* 605 F.2d 380, 385 (8th Cir. 1979), to the effect that

confidences imputed to the attorney are presumed shared among his partners and employees associated with him at that time.

423, 46 L.Ed.2d 656 (1976). Certainly, the more serious possibility of conflict arises by reason of Stein's receipt of confidential information.[5] There is a presumption that an attorney receives confidential communications in the course of his representation of a client. *See, e.g., United States v. Provenzano*, 620 F.2d 985, 1005 (3d Cir.), *cert. denied*, 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 129 (1980); *Arkansas v. Dean Foods Products Co., Inc.*, 605 F.2d 380, 384–385 (8th Cir. 1979); *United States v. Kitchin*, 592 F.2d 900, 905 (5th Cir.) (adopting district court's findings and conclusions), *cert. denied*, 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979).

■ However, as we pointed out in *United States v. Agosto, et al.*, 675 F.2d at 975, the presumption does not apply as to a client who states that, in fact, no confidential communications were made. A former client may also waive the attorney-client privilege. *See generally Developments in the Law-Conflicts of Interest*, 94 Harv.L.Rev. 1244, 1333–1334 (1981).

■ The record does not show whether the grand jury witnesses disclaim having made any confidential communications to Stein or whether they would waive any privilege claim they might have. Stein, in his response to the government's motion seeking disqualification, stated to the court that the representation afforded by him and by his law partner was of a limited nature, and did not involve the receipt of privileged information from the grand jury witnesses. He did not, allegedly because of time factors, file affidavits from the witnesses supporting his representation. The district court made no finding as to the validity of Stein's representation.

As we stated in *United States v. Agosto, et al., supra*, the Sixth Amendment affords protection, although not absolute, to a defendant's choice of retained counsel. That choice may not be lightly overridden.

■ We remand this cause to the district court for a fuller exploration of Stein's rep-

resentation that the grand jury witnesses imparted no confidential information to him. Only with such fuller exploration may the district court make an informed decision as to the likelihood that the defendants' rights to full representation may be seriously affected by limitations on cross-examination, or whether the interests of the witnesses themselves are in any way implicated. Upon receipt of such information, the district court should then re-examine, if necessary, the question of defendants' waiver in light of our opinion in *United States v. Agosto, et al., supra*. Finally, should the district court determine that disqualification is not required by virtue of Stein's former representation of grand jury witnesses, the court must, of course, then examine the government's contentions that Stein's continued representation of multiple defendants, and his former representation of defendant Agosto, require disqualification.

### Byron Fox

The district court disqualified Fox from serving as local counsel for defendants Caldwell, Shepard, Agosto and Chiavola, except in his capacity as lead defense counsel for administration of discovery. The court concluded that, although Fox had acted and apparently would continue to act in a non-substantive capacity,

> [l]ocal counsel should be able to act with authority on behalf of the defendant on any matter that might suddenly arise, without fear that a conflict of interest will result.

■ That disqualification order has little, if any, impact on defendants' Sixth Amendment right to retained counsel of choice since, as the court noted, each defendant named above has other primary counsel and since Fox does not act in a substantive capacity on their behalf. We affirm the district court's order as an appropriate exercise of its supervisory responsibility over members of its bar.

---

**5.** The court made no finding that Stein had a continuing pecuniary interest in future representation of the grand jury witnesses, or that

any such interest presented a disqualifying conflict.

Judgment affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.