UNITED STATES of America, Appellee,

v.

Ozzie K. CHEEK, Appellant.

No. 85–1540.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 19, 1985.

Decided May 2, 1985.

No brief for appellant.

No brief for appellee.

Before BRIGHT, ROSS and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Ozzie K. Cheek moves this court for leave to file an untimely notice of appeal from his criminal conviction. This motion follows the district court's[1] denial of Cheek's request for an extension of time within which to file his notice of appeal. Because only the district court can extend the time for filing notices of appeal from criminal convictions, *see* Fed.R.App.P. 4(b), we treat Cheek's motion as an appeal from

---

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

the district court's denial of his request for an extension. We affirm.

Following a jury trial, Cheek was convicted on seven counts of conspiring to distribute a controlled substance and distributing a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2. On June 15, 1984, he was sentenced to a total of thirty years imprisonment and was fined $175,000; judgment was also entered against him on that date. Shortly before sentencing, Cheek reached an agreement with the Government whereby in exchange for waiving his right to a direct appeal and for testifying before a grand jury concerning a narcotics operation in Kansas City, Missouri, the Government agreed to support his motion for a reduction of sentence and his request that the district court recommend to the Bureau of Prisons that he be allowed to serve his sentence in a minimum security prison of his choosing.[2] On the day following his sentencing, Cheek testified before the grand jury.

On July 26, 1984, Cheek filed a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure requesting the court to reduce his sentence to five years imprisonment and a $5,000 fine. After considering the motion and the Government's letter detailing Cheek's cooperation in testifying before the grand jury, the district court reduced his sentence to a total of twenty years imprisonment. The court did not, however, reduce the $175,000 fine. Cheek also informed the court and the Government that he wanted to serve his sentence at the Federal Minimum Security Institution in Lompoc, California, and on September 10, 1984, the court entered an order recommending to the Bureau of Prisons that Cheek be allowed to serve his sentence there. The Bureau, however, did not follow the recommendation because Cheek was not eligible to serve his sentence at the Lompoc institution. Finally, on November 9, 1984, Cheek requested that his sentence be changed so as to make him immediately eligible for parole, *see* 18 U.S.C. § 4205(b)(2), and the district court on November 29, 1984, granted the request.

On January 8, 1985, Cheek filed a motion for an extension of time within which to file a notice of appeal from his criminal conviction. In support of that motion Cheek argued that he should be allowed to file a direct appeal because the Government breached its agreement with him and because he received ineffective assistance of counsel before and after his conviction. The district court denied the motion on the ground that it lacked jurisdiction to grant an extension.

Rule 4(b) of the Federal Rules of Appellate Procedure provides:

> In a criminal case the notice of appeal by a defendant shall be filed in the district court within ten days after the entry of the judgment or order appealed from. * * * Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period *not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.*

(Emphasis added).

The district court entered judgment against Cheek on June 15, 1984, and Cheek filed his motion for an extension on January 8, 1985, approximately seven months later. Under Rule 4(b) a district court can consider motions for an extension no later than forty days after entry of judgment. After that forty day period expires, there is nothing that either a district court or a court of appeals can do to extend the time for filing a notice of appeal.

---

**2.** Cheek alleges in his brief that the Government also promised to support his request for a reduction of his fine. This allegation is not supported by the record. Before testifying before the grand jury, Cheek was questioned by the Government about the terms of the agreement. At that time neither Cheek nor the Government mentioned a promise to support a request for a reduction of his fine. Further, when asked whether the Government had made any other promises to him, Cheek said no.

*United States v. June*, 503 F.2d 442, 444 (8th Cir.1974). The district court, therefore, correctly denied Cheek's untimely motion for lack of jurisdiction. Since Cheek's motion was untimely, the district lacked authority to decide whether Cheek had shown excusable neglect for the delay.

Accordingly, we affirm the district court's denial of the motion for an extension.