848 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Raymond PROULX, Defendant-Appellant.
 No. 88-7524.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 31, 1988.
Decided: May 25, 1988.
 
 Robert Raymond Proulx, appellant pro se.
 Peter W. Kellen, Assistant United States Attorney, for appellee.
 Before JAMES DICKSON PHILLIPS, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Raymond Proulx appeals the district court's denial of his Fed.R.Crim.P. 35(b) motion to reduce his sentence. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Rule 35 motions are considered continuations of the criminal proceedings against a defendant; thus, the ten-day notice of appeal period of Fed.R.App.P. 4(b) applies. See United States v. Breit, 754 F.2d 526, 528-29 (4th Cir.1985); United States v. Guiterrez, 556 F.2d 1217, 1217 (5th Cir.1977). Because Proulx did not file his notice of appeal until fifty-eight days after the district court's order was filed, his appeal was untimely. The notice of appeal was also filed outside the thirty-day period established by Fed.R.App.P. 4(b) for obtaining an extension of time to appeal based on excusable neglect. Thus, the district court had no authority to grant an extension of time in which to appeal. United States v. Avendano-Camacho, 786 F.2d 1392, 1394-95 (9th Cir.1986); United States v. Cheek, 761 F.2d 461, 462-63 (8th Cir.1985); United States v. Hoye, 548 F.2d 1271, 1273 (6th Cir.1977). It is therefore unnecessary to remand this case to the district court to determine whether the untimely filing of the appeal was due to excusable neglect. Guiterrez, 556 F.2d at 1217-18; cf. United States v. Reyes, 759 F.2d 351, 353 (4th Cir.) (in direct criminal appeal, notice of appeal filed within thirty days after appeal period has expired is sufficient to require that appellant be given opportunity to show excusable neglect), cert. denied, 474 U.S. 857 (1985).
 
 
 3
 The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Proulx's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 4
 DISMISSED.