**Ozzie K. CHEEK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 87–2066.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1988.
Decided Oct. 11, 1988.

William J. Genego, Los Angeles, Cal., for appellant.

Robert E. Larsen, Kansas City, Mo., for appellee.

Before FAGG, Circuit Judge, WRIGHT, Senior Circuit Judge,* and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Ozzie K. Cheek appeals the District Court's [1] denial of his 28 U.S.C. § 2255 motion for habeas corpus relief. We affirm.

## I.

On January 31, 1984, a seven-count indictment was returned against Cheek and his co-defendant Belle Underhill (a/k/a Belle U. Greathouse) charging each with one count of conspiracy to distribute cocaine and six counts of distribution of cocaine.[2] Cheek retained attorney Willard Bunch to represent him at trial, posted bond, and was released into the custody of James Sandifar, an associate in Bunch's law firm.

The first trial ended in a mistrial (because of a hung jury) and a second trial was scheduled. In the period between the trials, Bunch requested that he be allowed to withdraw as counsel for Cheek and enter his appearance as counsel for Underhill. The trial court denied Bunch's requests. The court ruled that a conflict of interest would arise if Bunch were allowed to represent Underhill in the second trial when he had represented Cheek in the first and that before the court would allow him to withdraw as counsel for Cheek "a suitable [alternative] counsel must enter his appearance, with the consent of the defendant." D.R. at 82. No other counsel entered an

---

* The HONORABLE EUGENE A. WRIGHT, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

1. The Honorable Scott O. Wright, Chief United States District Judge for the Western District of Missouri.

2. Cheek and Underhill were charged with violating the Controlled Substances Act, 21 U.S.C. §§ 841(a)(1) and 846.

appearance as counsel for Cheek, and Bunch continued to represent him.

In the second trial the jury returned guilty verdicts against both defendants on all seven counts. After his conviction but before his sentencing, Cheek and Assistant United States Attorney Robert Larsen made an agreement. Cheek agreed to forego his right of direct appeal and to provide information regarding various drug investigations. In return, the Government agreed to bring Cheek's cooperation to the attention of the sentencing court and parole commission.

On June 15, 1984, the trial court sentenced Cheek to thirty years in prison and imposed a $175,000 fine and ten-year special parole term. Pursuant to his agreement with the Government, Cheek testified before a grand jury and allowed himself to be debriefed by FBI agents. Subsequently, he filed a motion for a reduction of his sentence and the Government responded by submitting a letter detailing his cooperation and urging that his motion be given serious consideration. After considering the motion and the Government's supporting letter, the trial court, while not granting all that Cheek requested,[3] reduced his prison sentence to twenty years and, sometime thereafter, modified the sentence to one under 18 U.S.C. § 4205(b)(2), making Cheek immediately eligible for parole. The fine and special parole term were not modified. The Government, meanwhile, also informed the parole commission of Cheek's cooperation.

On January 8, 1985, Cheek filed a motion for an extension of time within which to file a notice of appeal from his conviction. He contended that he should be allowed to file a direct appeal because the Government had breached its agreement with him and because he had received ineffective assistance of counsel. The motion was denied as untimely and this Court affirmed that decision. *United States v. Cheek,* 761 F.2d 461 (8th Cir.1985).

In February of 1987, Cheek filed the present motion under 28 U.S.C. § 2255 to vacate his conviction. The District Court, without an evidentiary hearing, rejected each of Cheek's claims[4] and denied the motion. Cheek appeals.

## II.

■ Cheek claims that the District Court erred in denying him an evidentiary hearing on his § 2255 claims. An evidentiary hearing in a § 2255 case is not required, however, where the files and records of the case conclusively show that the petitioner is entitled to no relief. *United States v. Gann,* 807 F.2d 134, 135 (8th Cir.1986); *United States v. Walker,* 638 F.2d 1147, 1150 (8th Cir.1981). Each of the claims Cheek presents in support of his motion is capable of resolution from the record and our review of the record convinces us that Cheek is not entitled to relief. The District Court's dismissal of Cheek's § 2255 petition without an evidentiary hearing was not improper.

## III.

Cheek asserts that he was denied his Sixth Amendment right to be represented by the attorney of his choice. As noted above, Cheek retained Willard Bunch as his lawyer and was released into the pretrial

---

3. Cheek requested that the court reduce his sentence to five years imprisonment and a $5,000 fine.

4. Cheek presented the following arguments to the District Court:

(1) That the government used altered transcripts in securing the grand jury indictment, which violated the Fifth Amendment guarantee of an unbiased Grand Jury.

(2) That the Court violated Cheek's Sixth Amendment right to counsel [of his choice] by releasing him in the third-party custody of his attorney.

(3) That the Court violated Cheek's right to a fair trial by failing to give a complete instruction on conspiracy.

(4) That the Court violated Cheek's rights under the confrontation clause by admitting co-conspirator hearsay statements and failing to give an appropriate instruction on such statements.

(5) That Cheek was denied his Sixth Amendment right to effective assistance of counsel. D.R. at 211. Cheek reasserts claims 2 through 5 in this appeal.

custody of Bunch's associate James Sandifar. According to Cheek, when after the first trial Bunch attempted to withdraw his representation of Cheek in order to represent Underhill, Cheek no longer wanted to be represented by Bunch or his associate Sandifar but was told by Bunch that retaining other counsel would violate the terms of his pretrial release. Cheek now argues that he was denied the right to retain counsel of his choice because the terms of his pretrial release enabled Bunch to "[take] advantage of [Sandifar's] custodial role [and] prevent Mr. Cheek from exercising his independent judgment to obtain new counsel." Brief for Cheek at 16.

▆▆▆ Assuming that the facts are as Cheek alleges, we nevertheless find Cheek's argument meritless. As it pertains to this issue, the Sixth Amendment only requires that a defendant be given a fair and reasonable opportunity to retain counsel of his choice. *Powell v. Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932); *United States v. Lewis,* 759 F.2d 1316, 1326 (8th Cir.), *cert. denied,* 474 U.S. 994, 106 S.Ct. 406, 88 L.Ed.2d 357 (1985). The right to counsel of choice is not an absolute but a qualified right, counterbalanced by " 'the public's interest in the orderly administration of justice.' " *Lewis,* 759 F.2d at 1326 (quoting *United States v. Burton,* 584 F.2d 485, 489 (D.C.Cir.1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979)).

▆▆▆ Based on our review of the record, we are satisfied that Cheek had a fair and reasonable opportunity to retain counsel of his choice. Cheek freely chose to retain Bunch and then allowed Bunch to represent him in two trials. Although Cheek claims that the conditions of his pretrial release forced him to accept representation by Bunch at the second trial, in fact Cheek was given ample opportunity to inform the court of any objection he may have had

regarding Bunch's continued representation; for example, Cheek could have requested that the terms of his release be amended, as he did several times for travel purposes, he could have raised the issue at the hearing on Bunch's request to withdraw, or he could have informed the court at trial. The trial court even invited Cheek to propose representation by alternative counsel, saying it would allow Bunch to withdraw from the case if "suitable counsel" acceptable to Cheek would enter his appearance. But Cheek never indicated to the trial court that Bunch was not the counsel of his choice or that other counsel would be willing to take his case.[5] The constitutional right to choice of counsel "is satisfied so long as the accused is afforded a fair or reasonable opportunity to obtain particular counsel, and so long as there is no arbitrary action prohibiting the effective use of such counsel." *United States ex rel. Carey v. Rundle,* 409 F.2d 1210, 1215 (3d Cir.1969), *cert. denied,* 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970). *Accord Birt v. Montgomery,* 725 F.2d 587, 593 (11th Cir.), *cert. denied,* 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984); *Gandy v. Alabama,* 569 F.2d 1318, 1323 (5th Cir. 1978). We hold that Cheek was not denied his Sixth Amendment right to retain counsel of his choice.

## IV.

▆▆▆ Cheek next claims that the trial court violated his Sixth Amendment right of confrontation and denied him a fair trial in violation of his Fifth Amendment right to due process by admitting certain hearsay evidence and giving improper instructions.[6] The trial errors Cheek alleges are claims ordinarily brought on direct appeal. Cheek's failure to directly appeal his conviction raises the possibility that these claims may not be brought in this collateral

---

5. Because the trial court was never put on notice that Cheek was dissatisfied with Bunch, it had no duty to inquire into Cheek's satisfaction with Bunch's representation. *See Birt v. Montgomery,* 725 F.2d 587, 594 n. 15 (11th Cir.), *cert. denied,* 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984).

6. Cheek claims it was error to admit Government informant Susan Jones's testimony concerning conversations between Jones and Underhill linking Cheek to illegal drug transactions and that the instructions concerning conspiracy and "prior bad acts" testimony were deficient.

action. Although failure to appeal a conviction does not unconditionally waive the right to later raise a constitutional defect in the conviction, a "§ 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided at or before trial and by way of appeal." *Kaufman v. United States*, 394 U.S. 217, 227, n. 8, 89 S.Ct. 1068, 1074 N. 8, 22 L.Ed.2d 227 (1969). *Accord Widgery v. United States*, 796 F.2d 223, 225 (8th Cir.1986); *United States v. Little*, 608 F.2d 296, 300 (8th Cir.1979), *cert. denied*, 444 U.S. 1089, 100 S.Ct. 1053, 62 L.Ed.2d 777 (1980). *See also Fay v. Noia*, 372 U.S. 391, 835 S.Ct. 822, 9 L.Ed.2d 837 (1963) (a state prisoner case enunciating the deliberate bypass standard).[7]

■ The critical inquiry here is whether the bypass was deliberate. A decision voluntarily and understandingly made for strategic or tactical advantage is "deliberate." *See Widgery*, 796 F.2d at 229 (Heaney, J., dissenting). If Cheek's decision was deliberate, his failure to directly appeal his conviction will operate as a waiver of his right to challenge the conviction through a § 2255 proceeding. *See Widgery*, 796 F.2d at 225; *Little*, 608 F.2d at 300.

Cheek contends that he did not deliberately bypass the direct appeal process. He says that either Bunch misrepresented to him the Government's part of the agreement to cooperate or that the Government did not keep its part of the bargain.[8] In either case, he argues, his agreement not to pursue a direct appeal cannot be deemed deliberate.

The District Court found that Cheek's "waiver of appeal was deliberate, and that he understood and voluntarily waived this right." D.R. at 217. The District Court considered the following exchange during Cheek's grand jury testimony (given pursuant to his agreement with the Government) to be "persuasive evidence" that Cheek's decision not to appeal was deliberate:

Q. [by Asst. U.S. Attorney Larsen] I have told you whatever you do for me, I am going to tell Judge Wright at Rule 35 time; correct?

A. [by Cheek] Right.

Q. I have also told you that I will bring your cooperation to the attention of the Parole Commission for consideration both in the area of where you are housed and also for consideration in connection with the time at which you should be eligible for parole; isn't that true?

A. That's right.

Q. And as part of this agreement, since we are either working together or we are not working together, you have decided that you are going to forfeit your right to appeal your conviction, isn't that true?

A. Yes, I have.

Q. So, in other words, you are going to tell me everything you know about cocaine and other drugs in the community and then I am going to tell the Judge what you have done for me and the value that that has had to the United States Government.

A. That's correct.

Q. Is there anything else that we have agreed to?

---

7. The Supreme Court has significantly narrowed applicability of the deliberate bypass approach, opting in several habeas cases to apply instead the "cause and prejudice" test. *See, e.g., Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). While there is some question in the courts as to the current viability of the deliberate bypass approach, this Court has continued to apply it where a § 2255

petitioner has declined to directly appeal. *See Widgery*, 796 F.2d at 225; *Little*, 608 F.2d at 300. We also note that the Supreme Court has expressly refrained from declaring the deliberate bypass standard dead law. *See Murray v. Carrier*, 106 S.Ct. at 2648.

8. Generally, Cheek contends that he thought the Government had offered more than it eventually provided. He alleges that he thought, for example, that the Government "would guarantee the service of sentence in a prison camp [and that he] would serve no more than 18 months in prison." Brief for Cheek at 32.

A. No.

D.R. at 163–64.

█ Our review of Cheek's grand jury testimony and the record as a whole leads us to agree with the District Court that Cheek's waiver of his right to directly appeal was a knowing and voluntary attempt to gain favor with the sentencing court and therefore "deliberate." Cheek testified before the grand jury that the description there given of the agreement was accurate and full, and the evidence shows that the Government has complied with its part of the agreement. We find in the record no factual support for Cheek's allegations of misrepresentation by Bunch or breach by the Government. In fact, the evidence is to the contrary. In addition to the above grand jury testimony, for example, a letter from the FBI written just days after the agreement was reached describes the obligations of the parties in terms identical in all relevant respects to those recited in the grand jury proceedings. *See* D.R. at 158.[9] Against such evidence, Cheek's assertions that the Government made additional promises that were not kept or that Bunch misrepresented the Government's promises are untenable and fail as a basis for denying that his waiver was deliberate. We conclude that Cheek's decision to forego direct appeal of his conviction was deliberate and that he is precluded from raising his claims of improper admission of evidence and inappropriate jury instructions in this § 2255 proceeding.

### V.

█ Cheek contends that in a number of ways he was denied effective assistance of counsel. A claim of ineffective assistance of counsel must be scrutinized under the two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must prove

both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. The first part of this test is met when the defendant shows that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *Hayes v. Lockhart,* 766 F.2d 1247, 1251 (8th Cir.), *cert. denied,* 474 U.S. 922, 106 S.Ct. 256, 88 L.Ed.2d 263 (1985). *Accord United States v. Resnick,* 745 F.2d 1179, 1187 (8th Cir.1984). The second part is met when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. *Accord Resnick,* 745 F.2d at 1187–88.

### A.

█ Cheek argues that he was denied effective assistance of counsel because Bunch failed to object to testimony given by government informant Susan Jones concerning conversations Jones had with Underhill that implicated Cheek in the distribution of cocaine. Cheek claims that this evidence was inadmissible "prior bad acts" testimony. The District Court has indicated, however, that had Bunch objected to admission of this testimony, the objection would have been overruled because the evidence was admissible under Federal Rule of Evidence 404(b) to show motive and conspirational intent.[10]

Bunch's failure to object to the prior bad acts testimony did not amount to ineffective assistance within the meaning of *Strickland.* Evidence of other crimes is admissible under Rule 404(b) to show, among other things, a defendant's motive and intent, *Lewis,* 759 F.2d at 1349, and in prosecutions for illicit activities, this Court and others have admitted evidence of prior drug transactions. *See, e.g., Lewis,* 759

---

9. Through an apparent oversight, only the first page of this letter was included in the designated record as originally sent to this Court. The entire document has since been supplied and the parties have been so informed.

10. Chief Judge Wright, whose order Cheek here appeals, presided at both of Cheek's trials.

F.2d at 1349; *United States v. Evans*, 697 F.2d 240, 247–49 (8th Cir.), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 350 (1983); *United States v. Lippner*, 676 F.2d 456, 461–62 (11th Cir.1982). Given the willingness of courts to allow this type of evidence, and the District Court's conclusion that the specific evidence at issue here was admissible, we conclude that Bunch's failure to object to its admission does not show a lack of skill or diligence. Moreover, as the District Court pointed out, because "any objection by the defendant's attorney as to the admissibility of this evidence would have been denied," Bunch's failure to object did not prejudice Cheek's case. D.R. at 223.

### B.

Cheek contends that he was denied effective assistance of counsel because of Bunch's "conflict of interest." Cheek asserts that Bunch's "loyalties" to Underhill prevented Bunch "from discharging his Sixth Amendment obligation of full and competent representation to Mr. Cheek." Brief for Cheek at 40. Bunch's alleged loyalty to Underhill supposedly derived from his previous representation of her years earlier in matters unrelated to this case.

▮ In order for Cheek to prevail on this theory, he "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980) (footnote omitted). *Accord Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067. Cheek has not met this test.

▮ Cheek first argues that a conflict of interest arose because Bunch's representation created "a situation of successive representation." Brief for Cheek at 20. In support of this argument he cites *United States v. Agosto*, 675 F.2d 965 (8th Cir.), *cert. denied*, 459 U.S. 834, 103 S.Ct. 77, 74 L.Ed.2d 74 (1982), and *United States v.*

*Shepard*, 675 F.2d 977 (8th Cir.1982). As the Court there pointed out, however, the concern in successive representation cases is that an attorney might breach the confidentiality of the former attorney-client relationship or place his own interest in future pecuniary gain from the former client above the present client's right to effective representation. *See Agosto*, 675 F.2d at 971; *Shepard*, 675 F.2d at 979. Neither of those concerns arose when Bunch represented Cheek. Bunch's previous representation of Underhill concerned matters entirely unrelated to the case at hand. Thus, there was no danger that Bunch would be tempted to use confidential information against Underhill or fail to conduct a rigorous defense on behalf of Cheek for fear of misusing confidential information previously obtained from Underhill. Information from those cases was totally irrelevant to Cheek's defense. Nor is there anything to suggest that Bunch had any interest in future pecuniary gain from Underhill. In fact, the record is clear that Underhill lacked the personal funds to afford Bunch's services.[11]

Cheek also contends that a conflict of interest resulted from Bunch's "divided loyalty to another client with a conflicting defense." Reply Brief for Cheek at 18. Underhill's defense was entrapment and Cheek's was a general denial of the prosecution's allegations. Although these defenses may have been inconsistent, we do not perceive that Underhill was Bunch's client (she was, of course, represented by another attorney), nor do we perceive that Bunch's previous representation of Underhill in matters unrelated to the present case adversely affected Bunch's performance on behalf of Cheek. In support of his assertion, Cheek argues that his defense required that the credibility of Government witness Susan Jones's testimony be attacked and that Bunch's cross-examination of Jones "consisted solely of questions [that] supported Underhill's defense of entrapment by bolstering Jones' story." Brief for Cheek at 21. The trial transcript,

---

**11.** To pay Bunch's attorney fees had Bunch been allowed to represent her, Underhill apparently would have relied, at least in part, on her brother's financial assistance. *See* D.R. at 73–74.

however, belies this argument, for it shows that Bunch energetically attacked the credibility of Jones's testimony. For example, he challenged Jones's trustworthiness by suggesting that she had been engaged in "a business of subterfuge and deception," and that lying had become "virtually secondary nature" to her. Trial Transcript at 61. He also impugned Jones's credibility by bringing out that she was being paid by the Government for her assistance in prosecuting drug-related crimes and that she herself had been a drug dealer prior to becoming a Government informant. It is difficult to see that Bunch could have done much more.

Cheek fails to persuade us that an actual conflict of interest adversely affected Bunch's performance. We therefore reject this ground for his claim of ineffective assistance of counsel.[12]

## C.

■ Cheek also alleges that he was denied effective assistance of counsel because Bunch failed to object to Jones's testimony on the grounds that it was inadmissible hearsay. The trial court admitted the testimony under Federal Rule of Evidence 801(d)(2)(E). By definition, testimony admissible under this rule is not hearsay.

The admissibility of co-conspirators' statements in certain circumstances is well-established in our jurisprudence. *See Bourjaily v. United States,* — U.S. —, 107 S.Ct. 2775, 2783, 97 L.Ed.2d 144 (1987). Here, the experienced trial judge concluded that the co-conspirator statements were admissible. Cheek would have us characterize Bunch's failure to reach the opposite conclusion as "outside the wide range of professionally competent [conduct]." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. This we decline to do. Moreover, because the trial court was satisfied that the statements were admissible, had Bunch objected the trial court would no doubt

have admitted the evidence anyway and it therefore cannot be said that Cheek's case was prejudiced by Bunch's failure to object.

## D.

■ Cheek next argues that he was denied effective assistance of counsel because Bunch did not move for a severance of his case from Underhill's at the second trial.

Prior to the first trial, Bunch had filed a motion for severance and that motion was denied. We agree with the District Court that since there was no change in strategy or defenses between the first and second trials, it was reasonable for Bunch to assume that the same motion filed before the second trial would also have been denied. Furthermore, the District Court has stated that had Bunch made a motion for severance before the second trial it would have been denied. Thus, we find here neither deficient performance nor resulting prejudice.

## E.

■ Finally, Cheek complains that Bunch "did not submit a written or oral request for appropriate jury instructions." Brief for Cheek at 45. Cheek claims it was "imperative" that Bunch request jury instructions addressing at least the co-conspirator statements and "prior bad acts" testimony. The District Court found this argument to be "totally without merit." D.R. at 223.

We agree with the District Court. Cheek does not persuade us that the instructions given made it unreasonable for Bunch not to object or offer alternative instructions. Moreover, Cheek makes no showing that Bunch's conduct prejudiced his case within the meaning of *Strickland.* In short, Cheek has shown nothing here that undermines our confidence in the outcome of the trial. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

---

12. Bunch was aware of the possibility of a conflict of interest but was confident that he could avoid any impairment of his professional duties. He testified: "I did not see [the relationships he had with Cheek and Underhill] to be incompati-

ble with one another, nor did I see them to create a conflict of interest that would in any way jeopardize the opportunity through acts of my own for an effective defense of either of the two defendants." D.R. at 74.

## VI.

We have carefully considered each of Cheek's claims and conclude that he is not entitled to the requested relief. The order of the District Court denying Cheek's § 2255 motion is affirmed.