904 F.2d 701
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francis Anthony LITTRIELLO; Michael Paul Turner,
Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francis Anthony LITTRIELLO; Michael Paul Turner,
Defendants-Appellants.
 Nos. 89-6028, 90-6775.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 20, 1990.
Decided: May 23, 1990.
Rehearing and Rehearing In Banc Denied June 20, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR No. 87-235-HM).
 Francis Anthony Littriello, Michael Paul Turner, appellants pro se.
 Stephen Matthew Schenning, Katharine Jacobs Armentrout, Office of the United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 DISMISSED.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Francis Littriello and Michael Turner appeal the district court's denial of their Fed.R.Crim.P. 35(a) motion to correct an illegal sentence. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Littriello and Turner contended that they should have been sentenced under the guidelines because their trial and sentencing took place after November 1, 1987, the effective date of the guidelines. The district court denied the motion on October 3, 1989.
 
 
 3
 Littriello and Turner's notice of appeal of the order was filed November 15, 1989; they asserted that the order was not received from the prison until that day and included a copy of an envelope from the court addressed to Turner which was marked as being received at the prison on November 15.
 
 
 4
 The district court treated the untimely notice of appeal as a motion for an extension of time to appeal and denied it. Then, on January 24, 1990, the district court entered a second order denying the Rule 35 motion. Within ten days, Littriello and Turner noted an appeal from this order.
 
 
 5
 Rule 35 motions are considered continuations of the criminal proceedings against a defendant and, therefore, the ten-day notice of appeal period of Fed.R.App.P. 4(b) applies. See United States v. Breit, 754 F.2d 526, 528-29 (4th Cir.1985); United States v. Guiterrez, 556 F.2d 1217 (5th Cir.1977).
 
 
 6
 The district court's second order denying the Rule 35 motion was without effect and, therefore, the timely notice of appeal from this order is ineffective.
 
 
 7
 The notice of appeal from the October 3, 1989, order was filed more than ten days after entry of the order and was also outside the 30-day period established by Fed.R.App.P. 4(b) for obtaining an extension of time to appeal based on excusable neglect. After expiration of this period, the district court has no authority to grant an extension of time in which to appeal. United States v. Avendano-Camacho, 786 F.2d 1392, 1394-95 (9th Cir.1986); United States v. Cheek, 761 F.2d 461, 462-63 (8th Cir.1985); United States v. Hoye, 548 F.2d 1271, 1273 (6th Cir.1977).
 
 
 8
 The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't. of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Even taking into account the facts of this case, this Court is unable to hear the appeal because it was filed after the end of the 30-day extension period provided by Fed.R.App.P. 4(b). See Fed.R.Crim.P. 49(c); United States v. Schuchardt, 685 F.2d 901 (4th Cir.1982). We therefore dismiss this appeal because this Court lacks jurisdiction to hear the case.* The joint motion for bail and for the appointment of counsel filed by appellants are denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 DISMISSED
 
 
 *
 If this appeal were heard on its merits, we would affirm the district court's denial of the Rule 35 motion. Littriello and Turner were convicted of offenses which took place in 1984 and 1985. The sentencing guidelines apply only to offenses which took place after November 1, 1987. See, e.g., United States v. Haines, 855 F.2d 199 (5th Cir.1988)