Anthony W. CALL, Petitioner,

v.

UNITED STATES of America, Defendant.

Nos. 90–0133–CV–W–9, 88–00083–02–CR–W–9.

United States District Court, W.D. Missouri, W.D.

Jan. 28, 1991.

Anthony Call, El Reno, Okl., pro se.

Michael Green, Asst. U.S. Atty., Kansas City, Mo., for defendant.

## ORDER DENYING PETITIONER'S § 2255 MOTION

BARTLETT, District Judge.

Petitioner Anthony Call was found guilty by a jury of possession of crack cocaine with intent to distribute, possession of cocaine with intent to distribute and use of a firearm during and in relation to possession of cocaine with intent to distribute. On August 14, 1988, Call was sentenced to 190 months incarceration on Count I, 100 months incarceration on Count II to run

concurrently with the sentence on Count I and 60 months incarceration on Count III to run consecutively with the sentence on Counts I and II.

Call's conviction was affirmed by the Eighth Circuit Court of Appeals.

■ An evidentiary hearing on petitioner's § 2255 motion is not required "where the files and records of the case conclusively show that the petitioner is entitled to no relief." *Cheek v. United States*, 858 F.2d 1330, 1333 (8th Cir.1988). An evidentiary hearing is not required in this case because on the record petitioner is not entitled to relief.

*Petitioner's Due Process Rights Were Not Violated As a Result of the Plea Agreement With Co–Defendant*

Petitioner states that right before the trial began, co-defendant Thomas signed a plea agreement in which "Thomas agreed not to testify either for or against defendant in this case." Petitioner argues that Thomas was the "main figure in a matter in which the defendant was merely an uninformed and unfortunate participant." Therefore, petitioner asserts that Thomas' testimony would have been "highly exculpatory to the defendant especially in light of his early guilty plea."

■ Petitioner failed to raise this ground in his direct appeal. Therefore, unless petitioner can show "cause and actual prejudice," he is barred from raising this ground in a § 2255 motion. *United States v. Frady*, 456 U.S. 152, 164–68, 102 S.Ct. 1584, 1592–95, 71 L.Ed.2d 816 (1982).

Although petitioner asserts in his Traverse that there is newly discovered evidence, he never explains what evidence pertaining to this issue is newly discovered, or what "cause" excused his failure to raise the issue on direct appeal.

■ Also, petitioner fails to show actual prejudice from Thomas' agreement not to testify for or against defendant. Petitioner assumes that his testimony would have been exculpatory but does not suggest how Thomas could have been required to testify for him or how Thomas would have ex-

plained the evidence presented by the United States such as petitioner's fingerprint on the money.

In summary, petitioner has not shown cause excusing his procedural default in not raising the plea agreement issue on direct appeal. Also, petitioner "has fallen far short of meeting his burden of showing that he has suffered the degree of actual prejudice necessary to overcome society's justified interest in the finality of criminal judgments." *Frady*, 456 U.S. at 175, 102 S.Ct. at 1598.

*Petitioner's Due Process Rights Were Not Violated by the Sentencing Reform Act*

■ The second issue raised by petitioner is that his due process rights were violated by the Sentencing Reform Act's limitations on judicial discretion. This argument has been rejected. *United States v. Brittman*, 872 F.2d 827, 828 (8th Cir.1989); *see also Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

*Order*

Accordingly, it is hereby ORDERED that petitioner's § 2255 motion is denied.