989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Damon M. DOBBINS, Appellant,
v.
UNITED STATES of America, Appellee,
 No. 91-3049.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 16, 1992.
Filed: March 3, 1993.
 
 Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 On February 8, 1989, a jury found appellant Dobbins guilty of conspiracy to distribute, and possession with intent to distribute, cocaine and marijuana. On April 21, 1989, he was sentenced to 15 years imprisonment with the Court stating that he would be eligible under 18 U.S.C. § 4205(a) for parole after serving one-third of that sentence. On appeal his conviction was affirmed but, because he was not entitled to parole under Title 21 U.S.C § 841(b)(1)(B), this court remanded for resentencing, stating that it could not "discern whether the district court would have imposed sentences of different lengths if it had been aware of the inapplicability of [the statute providing for parole]." On November 2, 1990, he was resentenced to 12 years imprisonment and a 4 year term of supervised release.[1] No appeal was taken from this second sentence.
 
 
 2
 On March 6, 1991, appellant filed a Motion to Vacate, Set-Aside or Correct Sentence under 28 U.S.C. § 2255 wherein, inter alia, he contended that he was denied due process when he was resentenced. More particularly he claimed that his sentencing attorney was ineffective in failing to object to what he contends was an illegally enhanced sentence of imprisonment when counsel knew or should have known that the second sentence was harsher than the original sentence thereby in violation of the law as declared in North Carolina v. Pearce, 395 U.S. 711 (1969). The motion was referred to a Magistrate Judge for review and recommended disposition. On July 9, 1991, the Magistrate Judge recommended that the motion be denied, stating:
 
 
 3
 "Finally, with respect to movant's final claim for relief, the undersigned finds that movant's claim is meritless.
 
 
 4
 * * *
 
 
 5
 ... The district court indicated that movant was being sentenced pursuant to the Eighth Circuit's order, and reduced the sentence to twelve years without eligibility for probation or parole. (Resentencing Transcript on Damon Dobbins, November 2, 1990). Although movant argues that the court violated due process in this second sentencing because it increased the minimum time he would be required to serve, he cites no authority for this proposition. His actual sentence was reduced from fifteen years to twelve years. The record reflects that the trial court properly followed the Eighth Circuit's order. Therefore, movant's third claim for relief should be denied."
 
 
 6
 By order dated August 12, 1991, the district court[2] adopted the magistrate Judge's Report and Recommendation and denied the § 2255 motion. This appeal followed. We affirm.
 
 
 7
 The loss of an appeal due to ineffective assistance of counsel is cognizable in a petition for relief under 28 U.S.C. 2255. Hill v. United States, 368 U.S. 424, 426 (1962). In Cheek v. United States, 858 F.2d 1330 (8th Cir. 1988), the Eighth Circuit Court of Appeals discussed the showing necessary to establish a claim of ineffective assistance of counsel within the context of a 28 U.S.C. § 2255 motion:
 
 
 8
 A claim of ineffective assistance of counsel must be scrutinized under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case. The first part of this test is met when the defendant shows that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." The second part is met when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."
 
 
 9
 858 F.2d at 1336 (citations omitted). Accord Roberson v. United States, 901 F.2d 1475, 1478 (8th Cir. 1990). A reviewing court is to apply a "strong presumption" that counsel was reasonably effective, requiring a showing that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 10
 In order to evaluate the claim of ineffectiveness, it is necessary to consider the basis of the lost appeal. Appellant argues that the Court, at the second sentencing, imposed "a sentence ... which exceeded the initial sentence ... and as a result ignored well established legal precedent forbidding vindictive sentencing ... " Appellant's Brief p. 3. Appellant contends that the second sentencing violated the law as set forth in North Carolina v. Pearce; that counsel should have known of the violation and that counsel should have objected or filed an appeal accordingly.
 
 
 11
 The Due Process Clause of the Fourteenth Amendment limits a sentencing judge's discretion to impose a harsher sentence after appeal. North Carolina v. Pearce 395 U.S. 711 (1969). Wishing to avoid the possibility of penalizing a defendant for exercising his right of appeal, and recognizing the difficulty of proving retaliatory motivations, the Supreme Court has adopted a presumption of vindictiveness when the second sentence is more severe than the first. Id. at 726. This presumption may be overcome if the sentencing judge states the reasons for a more severe sentence on the record, so that the "constitutional legitimacy of the increased sentence may be fully reviewed on appeal." Id.
 
 
 12
 This Court notes that the presumption of vindictiveness does not apply unless the second sentence is more severe than the first. While this would appear to be an issue easily resolved, this case gives support to the cliche that appearances can be deceiving. Appellant, convicted of violating 21 U.S.C. § 841(b)(1)(B) was sentenced under the "old" sentencing regime with its parole guidelines because his charged conduct took place before the "new" Federal Sentencing Guidelines were enacted. He faced a sentencing range of 5 to 40 years. Under the old system, a probation officer would prepare a Pre-Sentence Information (PSI) which would assign the defendant a Salient Factor Score and an Offense Category as determined by the Rules and Procedures Manual for the United States Parole Commission, published by the U.S. Department of Justice. The Guidelines for Decision-Making combined these two factors and gave guideline ranges for the Parole Commission to use in determining when to grant parole. 18 U.S.C. § 4206 authorized the parole commission to depart from those guidelines for good cause shown indicating that in the majority of cases, the guidelines would determine when the prisoner would be paroled. Appellant's attorney, noting a change in Appellant's Salient Factor Score, stated:
 
 
 13
 " ... (T)he guideline range then, in their new PSI, is 120 months plus, whereas in the prior one, it was 100 months plus." (Sentencing Tr. p. 31).
 
 
 14
 At the original sentencing, the Court believed that Appellant would be eligible for parole in 5 years. However, under the Parole Commission Guidelines, it was quite unlikely that Appellant would have been paroled prior to serving either 100 or 120 months, or 8 1/3 or 10 years, depending upon the Commission's calculation of the Salient Factor Score. When the lower court imposed the original fifteen year sentence, it made the following statement concerning its understanding of possible parole:
 
 
 15
 " ... if your conduct is appropriate, 15 years turns out to be 5 assuming you qualify at that point [as] to behavior and it's possible to be released then." (Sentencing Tr. p 31)
 
 At the resentencing the Court observed:
 
 16
 "The convictions were affirmed on these defendants, the three before me now, but they were sent back for re-sentencing because the Court had provided that after serving one-third of the sentence, they would be eligible-didn't mean they'd get it, but they'd be eligible. Let the Court address that."
 
 
 17
 It went on to note the effect of the mandatory release statute 18 U.S.C. § 4164. In assessing how that would apply to appellant's 15 year sentence the Court stated:
 
 
 18
 "But if you do get the good time, maximum allowable, this Court understands that Defendant McConnell would serve approximately 16 4/5th years of his 25-year sentence; Defendant Dobbins would serve between 8 2/3 and 10 years of his 15-year sentence; ... Dobbins under mandatory release supervision for 4 1/2 to 5 1/2 years; ...
 
 
 19
 * * *
 
 
 20
 That mainly makes me feel better-when they say no parole, but maybe that's not really right. They call it something else."
 
 
 21
 So the Court was noting that even without parole eligibility if the defendant earned the maximum good times he would have been released as if on parole after serving 8 2/3-10 years of his sentence, coincidentally almost precisely the amount of time recommended by the Parole Commission Guidelines.
 
 
 22
 In dealing with one of appellant's co-defendants (being resentenced at the same time) we note the following colloquy:
 
 
 23
 ATTORNEY: I was a little concerned about-maybe needlessly, I hope needlessly-about what the Court read earlier as to when you thought they would get out if the same sentence was applied. And I just-I don't think that's what the Court intended originally. I think the Court intended that even a lesser time than appropriate-
 
 
 24
 THE COURT: Well, the point I'm making is that when somebody says no parole, we can say that here, but we shouldn't believe it. You can call it a "roogy doogy," but if I'm in one of those cells and get out two years early, that's all right with me. And that's what I'm saying here.
 
 
 25
 Now, I'm also, though-I've got a better view now. I've got what, another four or five years to look if I could see down the road. But this was simply to show that I thought perhaps that the Appellate Court, as they slammed my knuckles for the 4205(a), might not fully realize that there really is no such thing as no parole. You call it something else-mandatory release, but that's just as good.
 
 
 26
 When the Court came to the actual resentencing of the appellant and his co-defendants it observed:
 
 
 27
 "And as the 8th Circuit Court of Appeals stated, that it could not discern whether this Court would have imposed sentence at different lengths had it been aware of the inapplicability of 4205; and indeed, the Court would have.
 
 
 28
 The Court then is prepared to sentence, and I'll do this individually."
 
 
 29
 He then imposed the 12 year sentence of imprisonment on Appellant adding that he "shall not be eligible for probation or parole." Appellant's mandatory release date under the 12 year sentence is after approximately 7 years of time served; if he should continue to earn industrial good time pursuant to 18 U.S.C. § 4162, he could be released after serving approximately 6 years.
 
 
 30
 Thus the question of whether the second sentence is more severe: the maximum time Appellant could serve was decreased from 15 to 12 years. The likely time that Appellant would serve was decreased from at least 8 1/3 down to 7 years. The least possible time that Appellant could serve was increased from 5 years to 6 years. Questioning, without deciding, whether this is in fact a more severe sentence, the Court will move on to the issue of vindictiveness.[3]
 
 
 31
 The Pearce presumption of vindictiveness is not dispositive. Pearce itself held that the presumption can be overcome when the record indicates objective reasons for the increase in the sentence. The Due Process Clause is offended by retaliatory motivation; "the Due Process Clause is not offended by all possibilities of increased punishment ... after appeal ... " Blackledge v. Perry, 417 U.S. 21, 27 (1974). For example, in Texas v. McCullough, 475 U.S. 134 (1986), the Supreme Court found that the presumption of vindictiveness, if applicable, was overcome when the trial judge set out in specific detail the reasons for the more severe sentence.
 
 
 32
 In the instant case, the trial judge did set out his reasons for the "increase" in sentencing: the requirements of federal statutory law. In U.S. v. McConnell, 903 F.2d 566 (8th Cir. 1990), this court found that the trial court was mistaken about the availability of parole for Appellant when it imposed the fifteen year sentence and that, in light of the fact that parole was not available, the trial judge might wish to reconsider the sentence. The implication of this court's opinion in McConnell, along with the reduction in years sentenced, evidence an intent to be more lenient. More importantly, there is no evidence of vindictiveness that can be gleaned from the record before us. We therefore agree with the lower court that appellant's claim is "meritless."
 
 
 33
 AFFIRMED.
 
 
 
 *
 The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation
 
 
 [1]
 See Appellant's Appendix, p. 36. Although it is not important for the purpose of this appeal, the Court notes the lower court's docket entry, also on November 2, 1990, which "ordered the portion of the resentencing of deft imposing a term of 4 years of supervised release is vacated." Appendix, p. 17
 
 
 [2]
 The Honorable Wm. L. Hungate, presiding
 
 
 [3]
 Appellant directs our attention to United States v. Gilliss, 645 F.2d 1269, 1283 (8th Cir. 1981), where this court applied Pearce when the defendant received a sentence on remand that extended the time before which he would be eligible for parole. In that case, the defendant was originally sentenced to twenty years of incarceration under 18 U.S.C. § 4205(b)(1), under which he would have been eligible for parole after three years. On remand, the defendant was sentenced to a term of twenty years under 18 U.S.C. § 4205(a), under which he would not be eligible for parole for almost eight years. Stating that the Pearce presumption applies to an increase in punishment regardless of the form of punishment, the Gilliss court found the increase in time before defendant would be eligible for parole to be presumptively vindictive. Gilliss is distinguishable because it raised the defendant's minimum exposure without reducing either the maximum or the likely exposure, as in the present case