# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3257

_____

| | | |
|---|---|---|
| Quintin L. Brown, | * | |
| | * | |
| Movant Below - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Respondent - Appellee. | * | |

_____

Submitted: April 21, 2006
Filed: April 26, 2006

_____

Before LOKEN, Chief Judge, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Quintin L. Brown challenges his conviction and the sentence imposed by the district court[1] under 28 U.S.C. § 2255, arguing his counsel was ineffective.

Brown's § 2255 motion sought relief on a number of grounds, all of which were denied by the district court without an evidentiary hearing. We granted a certificate of appealability on two issues: whether Brown sufficiently alleged he was prejudiced

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

by counsel's advice as to the sentence he faced at trial and whether counsel's performance in determining Brown's potential sentencing exposure was constitutionally deficient.

Brown argues the district court erred in denying him an evidentiary hearing on his ineffective assistance claim. Under § 2255, a defendant is entitled to an evidentiary hearing unless "the motion and the files and the records of the case conclusively show that the [defendant] is entitled to no relief." 28 U.S.C. § 2255. We review a district court's decision not to hold an evidentiary hearing for abuse of discretion. United States v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005). In order to determine whether to remand for an evidentiary hearing, we must conduct a de novo review of the district court's legal conclusion Brown's ineffective assistance claim is without merit. Id.

A meritorious ineffective assistance of counsel claim requires a defendant to establish counsel's performance fell below an objective standard of reasonableness and but for such deficient performance, the result of the proceeding would have been different. Id. The defendant bears the burden to overcome the strong presumption of reasonableness of counsel's performance. Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005).

Brown alleged his counsel's performance was deficient because counsel incorrectly informed Brown of his potential sentencing exposure resulting from a guilty plea. Brown alleges his counsel informed him he would face a maximum of approximately 132 months of imprisonment if he went to trial. Brown alleges he would have accepted the government's plea agreement had he known he might be sentenced to 293 months, as he was, if he went to trial. Brown further alleges counsel informed him of the weakness of the government's case and the likelihood of defense success at trial and such advice also induced him to go to trial.

In order to prevail on his § 2255 motion, Brown must establish the district court erred in concluding his ineffective assistance claim was without merit and abused its discretion in denying an evidentiary hearing. Brown cannot do so. Brown relies upon two unsworn affidavits for his factual allegations supporting his claim of ineffective assistance, yet informed the district court he never entertained the idea of a guilty plea and repeatedly claimed innocence of the crimes for which he was convicted. No evidentiary hearing is required when "the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Further, the district court relied upon a sworn affidavit and other evidence provided by counsel establishing counsel's calculations were estimates made prior to the withdrawal of the government's plea offer and counsel's attempts to have Brown plead guilty. Brown disputes neither the revocation of the plea offer nor counsel's claim the revocation was based upon facts, of which Brown was aware, which increased Brown's potential sentence.

Accordingly, the district court did not err by determining the files and records of the case conclusively show Brown is not entitled to relief. See 28 U.S.C. § 2255 (providing no evidentiary hearing is required when the files and records of the case conclusively establish the defendant is not entitled to relief); Chesney v. United States, 367 F.3d 1055, 1060 (8th Cir. 2004) (finding no error in district court's denial of a § 2255 motion when the defendant adamantly argued his innocence and failed to establish he would have accepted a plea offer despite counsel's failure to communicate a plea offer to the defendant); Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (holding the failure to establish defendant would have accepted the plea is fatal to an ineffective assistance of counsel claim based upon defendant's decision to go to trial rather than plead guilty); Cheek v. United States, 858 F.2d 1330, 1336 (8th Cir. 1988) (holding the failure to establish counsel gave unreasonable

advice is fatal to an ineffective assistance claim).  We therefore affirm the district court.

_____