**UNITED STATES of America**

v.

**Willie H. MORRIS also known as "Bootnose", Kenneth Leon Morris, Billy Edd Farmer.**

**Cr. No. CR4–92–010–Y.**

United States District Court,
N.D. Texas,
Fort Worth Division.

March 4, 1992.

---

7. *Soverign Ins. Co.,* 488 So.2d at 985.

8. *Home Ins. Co. v. National Tea Co.,* 588 So.2d 361, 364 (La.1991); *Soverign Ins. Co.,* 488 So.2d at 985.

Fred Schattman, Asst. U.S. Atty., Dallas, Tex., for Government.

John Linebarger, Fort Worth, Tex., for defendants.

## MEMORANDUM OPINION

MEANS, District Judge.

Willie Hugh Morris, Kenneth Leon Morris, and Billy Edd Farmer have been indicted for commission of various drug-related felonies. Each wants to employ John Linebarger, an attorney licensed to practice before this Court, to represent him at the trial of the case. But the government objects to Linebarger's representing any of the 23 defendants in this case because it believes he has a conflict of interest.

Linebarger formerly represented Victor Matias Costa. In February 1991 Drug Enforcement Administration agents arrested Costa pursuant to a warrant issued by the United States District Court for the Southern District of Mississippi following the return of an indictment against Costa charging him with drug-trafficking crimes. The Mississippi indictment was grounded upon Costa's causing two persons, Michael Stitham and Kevin Sheldon, to transport cocaine from Florida to Texas. On February 28, 1991, Linebarger represented Costa at his initial appearance before a United States Magistrate Judge in Fort Worth, Texas. On March 4, 1991, Linebarger again represented Costa at his detention and removal hearing on the same indictment before the same magistrate judge. The government produced witnesses to testify to the facts of the offense and the results obtained from a search warrant executed on Costa's residence. On Costa's behalf, Linebarger called family members and friends to testify as to his character and ties to the community. The magistrate judge ordered Costa detained pending trial, and he was subsequently removed to the Southern District of Mississippi. Costa later entered into a plea agreement with the government and agreed to cooperate in its ongoing investigation of drug-trafficking.

The indictment against Defendants Willie Hugh Morris, Kenneth Leon Morris, and Billy Edd Farmer in this case alleges various overt acts between Costa and each of these three defendants. Upon learning of Linebarger's intended representation of the Morrises and Farmer in this case, the government promptly filed a motion to disqualify him. Because Costa will testify against these three defendants at their trial, the government insists that Linebarger will have an actual conflict of interest if he represents them after having previously represented Costa. Consequently, the government demands that Linebarger be barred from representing any defendant in this case.

■ If a criminal defendant is represented at trial by an attorney who labors under an actual, and not merely a potential, conflict of interest, the defendant is being denied effective assistance of counsel as a matter of law. *Stephens v. United States,* 595 F.2d 1066, 1069 (5th Cir.1979). Unless the defendant knowingly and intelligently waives his sixth amendment right to con-

flict-free representation, reversal is automatic. *Id.* The first question before this Court then, is whether Linebarger labors under an actual, as opposed to a potential, conflict by reason of his prior representation of Costa and his current representation of the Morrises and Farmer.

The Court initially seeks instruction from the Fifth Circuit, which first found an actual conflict of interest in a defense attorney's prior representation of a prosecution witness in *United States v. Martinez,* 630 F.2d 361 (5th Cir.1980), *cert. denied,* 450 U.S. 922, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981). There, the actual conflict arose out of the defense attorney's having been entrusted with confidences by his prior client-turned-witness. Effective representation of the defendant would have compelled the attorney to violate those confidences, especially during cross-examination of his former client. The court reversed in part the defendant's conviction, holding that as a consequence of the defense attorney's actual conflict of interest, the defendant had been denied effective assistance of counsel as a matter of law. *See id.* at 363.

The case before this Court is similar to *Martinez* only in that it involves Linebarger's prior representation of a prosecution witness, Victor Costa. It differs from *Martinez* because Linebarger represented Costa in preliminary matters only and denies that he gained Costa's confidences during that representation. Consequently, Linebarger argues that he has the ability to cross-examine Costa without the advantage of confidential information and without the hesitation that would stem from the fear of unintended or unthinking disclosure of such confidences.

■ The law presumes that a lawyer receives confidential communications in the course of his representation of a client. *See United States v. Shepard,* 675 F.2d 977, 980 (8th Cir.1982); *United States v. Cheshire,* 707 F.Supp. 235, 239 (M.D.La. 1989). Here, Linebarger has rebutted that presumption. He informed the Court, as one of its officers and subject to severe discipline for prevarication, that he possessed no confidences from Costa. The

Court is persuaded that his assertions are credible. Accordingly, this Court sees no actual conflict of interest if Linebarger represents these three defendants. The conflict of interest is potential; it is more apparent than real.

■ Still, that does not end the inquiry. The alleged conflict of interest burdening Linebarger, whether actual or potential, must also be evaluated in relative terms because a defendant's right to counsel of his choice is not absolute and must yield to the higher interest of the effective administration of the courts. *See Gandy v. Alabama,* 569 F.2d 1318, 1323 (5th Cir.1978). Whether and when the defendant's right must yield to that higher interest is committed to the sound discretion of this Court. *See United States v. Kitchin,* 592 F.2d 900, 903 (5th Cir.1979), *cert. denied,* 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979). Proper exercise of that discretion requires a delicate balancing of each defendant's right to counsel of his own choosing against the potential harm to the efficiency and integrity of the administration of justice arising out of his counsel's potential conflict of interest. *See Cheshire,* 707 F.Supp. at 236.

■ Here, that balancing cannot be performed in a vacuum, for all concerned must surely recognize that Linebarger's representation of these defendants is suspect. Further, the question of whether Linebarger's conflict is actual or potential is a close one. As a consequence, the integrity of the administration of justice is clearly in question. Moreover, should Linebarger prove to be in error about Costa's divulgence of confidences to him, the delays inherent in addressing and resolving the question of new counsel would, at the least, seriously impede the efficient administration of this Court.

That said, we must apply the previously-enunciated standards to the facts of this case. First, as to Willie Hugh Morris, the factors which favor permitting Linebarger to serve as his counsel outweigh those which militate against it. Willie Hugh Morris has been Linebarger's client for more than ten years. He has special confi-

dence in Linebarger, having been represented by him just last year in another federal criminal trial. Linebarger clearly feels obligated to represent his long-time client, and he told the Court that he will do so for whatever fee Morris is able to pay.

While remaining mindful of the foregoing, the additional fact that Morris, in open court, signed and filed a sworn affidavit waiving any complaint as to Linebarger's conflict is crucial to this Court's finding that the honest and efficient administration of the Court may yield to Morris's right to counsel of his choice. Since that waiver may not, however, meet the requirements of *United States v. Garcia,* 517 F.2d 272, 278 (5th Cir.1975), this Court has conditionally denied the government's motion to disqualify Linebarger. A final decision on the motion as to Willie Hugh Morris will await a hearing during which the court will actively participate in the waiver decision and, more particularly, follow a procedure whereby his intelligent and knowledgeable waiver will be made manifest on the face of the record. *See id.*

■ Most of the factors which weigh the balance in favor of permitting Linebarger to represent Willie Hugh Morris are not present with respect to Kenneth Leon Morris and Billy Edd Farmer. No longstanding attorney-client relationship, no special trust or confidence, no expressed willingness on Linebarger's part to accept reduced fees, and, most important, no waiver of Linebarger's supposed conflict is of record. Accordingly, the Court finds that as to Kenneth Leon Morris and Farmer the honest and efficient administration of justice outweighs their limited right to counsel of their choosing. The Court has therefore granted the government's motion to disqualify Linebarger as to Kenneth Leon Morris and Farmer.